## SUPERIOR COURT.

### VAN VALKENBURGH agt. VAN SCHAICK.

Where judgment is ordered for plaintiff on demurrer to answer, with leave to defendant to amend on payment of costs; the plaintiff is entitled to a fee for *proceedings before notice of trial;* to wit: $7 in an action upon contract for the payment of money, and $12 in cases where application to the court for judgment would be necessary.

*At Chambers, April,* 1853. *Taxation of costs.*—The plaintiff had demurred to the answer of the defendant. Judgment was rendered for the plaintiff upon the demurrer, but with liberty to the defendant to amend his answer, upon payment of the costs upon the demurrer. By consent the taxation was referred to Justice HARRIS.

W. GLEASON, *for Plaintiff.*

G. VAN SANTVOORD, *for Defendant.*

HARRIS, J.—The first question presented upon this taxation, is, whether the plaintiff is entitled to a fee for proceedings before notice of trial, and then if he is, whether that fee is $12 or $7. The general practice in all cases where an amendment is allowed upon payment of costs, is, that the party paying such costs shall be charged with the costs of all proceedings

which, by the operation of the order authorizing the amendment, will be vacated. Thus, if upon the trial, a plaintiff is permitted to amend his complaint in a material matter, so that a new answer is required, he would be charged with the costs of the former answer, which, as the effect of the rule would be vacated. In other words, he would be required to pay the costs allowed for proceedings before notice of trial. On the other hand, if the defendant were allowed to amend his answer, that being the last pleading, no proceedings before the notice of trial would be vacated as the effect of the order, and the fee for proceedings before notice of trial should not be allowed. So, in case of a demurrer, if the party demurring has judgment against him, and is permitted to withdraw his demurrer and plead over, upon payment of costs, the fee for proceedings *before notice* of trial is not allowable on the taxation of such costs. See Nellis agt. De Forest, (6 *Howard*, 413.) But if judgment is rendered in favor of the party demurring, and the party whose pleading is found defective is allowed to amend on payment of costs, the fee for proceedings *before notice* of trial should be allowed. It is the compensation allowed for drawing and serving the demurrer. Collomb agt. Caldwell, (5 *Howard*, 336.)

In this case the plaintiff demurred. He is, of course, entitled to be paid for the pleading upon which he has prevailed. This is embraced in the fee for proceedings *before notice* of trial. That fee is, in this case, $7. The action was upon contract, and for the recovery of money. Had the defendant failed to answer, judgment would have been perfected in the manner prescribed by the first sub-division of the 246th section of the Code. No application to the court would have been necessary. The criterion is not, as seems to have been held, in Lawrence agt. Davis, (7 *Howard*, 354,) whether the pleadings are such as to render an application to the court necessary, but it is whether the action is such that judgment, in case no defence had been interposed, might have been perfected without such application. The language of the first sub-division of the 307th section is too explicit to admit of question upon this point.

The following items must therefore be allowed upon this taxation:

Costs of proceedings before notice, - - - - - - - - - $7 00
    do       do     after notice, - - - - - - - - - - 7 00
For trial of issue of law, - - - - - - - - - - - - - - 15 00
Disbursements, - - - - - - - - - - - - - - - - - - - 2 00