## SUPREME COURT.

### HORACE H. ADAMS agt. FRANK B. WARD and another.

*Cost upon demurrer — Interlocutory costs upon issue of law — Affidavit respecting disbursements — Code of Civil Procedure, sections* 419, 420, 3232, 3267.

It is proper to allow costs on the decision of a demurrer, though an issue of fact is left to be determined upon a trial.

Where the plaintiff drew the demurrer and served it and noticed the argument thereof, for such services, he is entitled to the costs before and after notice of trial, as well as twenty dollars for a trial of an issue of law.

Items for copies of documents cannot be allowed without an affidavit that it or they were actually and necessarily used or obtained for use.

Where the case is one where no application is necessary to the court for judgment upon the complaint if no answer had been served, the plaintiff, on decision of demurrer, is only entitled to fifteen dollars for costs before notice of trial.

Where the plaintiff fails to make the indorsement upon the summons as required by section 419 of the Code of Civil Procedure, he is only entitled to fifteen dollars costs before notice of trial

*Herkimer Special Term, January,* 1881.

*John C. Fulton,* for plaintiff.

*G. M. Allen,* for defendant.

HARDIN, *J.* — This is a motion made to set aside or review taxation of costs. When the demurrer was decided, costs

Adams agt. Ward.

were awarded to the plaintiff. That was proper, though an issue of fact was left to be determined upon a trial (*Sec.* 3232 *of Code of Civil Procedure;* 76 *N. Y.,* 314, *Cambridge Valley R. R.* agt. *Lynch, decided in 4th dept. and affirmed*). That exercise of discretion cannot be reviewed upon this motion (*Stevens* agt. *Veriane,* 2 *Lansing,* 92; 14 *Hun,* 477, *op.* HARDIN, J.).

The items for copies of documents "cannot be allowed without an affidavit that it or they were actually and necessarily used or obtained for use." Such an affidavit is required by section 3267 of the Code of Civil Procedure. None such was furnished and the taxation was therefore irregular, and as the practice is new under the section quoted, it is proper that the parties should be again heard by the clerk upon such papers as they may submit upon a fresh taxation. Upon the taxation to be had, the clerk will tax costs before notice, after notice, and for trial of an issue of law. The question made by the defendants as to the costs before notice and after notice of trial must be ruled against the defendant. The plaintiff drew the demurrer and served it and noticed the argument thereof. For such services he is, by the well settled practice, entitled to the costs before and after notice of trial, as well as twenty dollars for a trial of an issue of law ("*Anon.*," 3 *Sanford,* 756; *Van Valkenburgh* agt. *Van Schenck,* 8 *How.,* 272; *Crary* agt. *Norwood,* 5 *Abbott,* 220).

Upon the papers now produced upon this motion, it seems to be apparent that the case is one where no application was necessary to the court for judgment upon the complaint if no answer had been served (*Sec.* 420 *of Code*). Besides, the summons which is produced seems to have a manuscript indorsement on it of the words "summons and complaint." Thus it would seem it was a case where the plaintiff should have fifteen dollars instead of twenty-five, as stated in the bills of costs

Besides, the plaintiff made no indorsement upon the summons, as required by section 419 Code of Civil Procedure; therefore, as the papers now appear, the plaintiff was only enti-

tled to fifteen dollars for costs before notice of trial. However, as a retaxation is to be ordered, the clerk will consider the question as to what the item should be when the parties appear before him with fresh papers. A retaxation is ordered before the clerk of Jefferson county upon five days' notice. The defendants are allowed ten dollars costs of this motion, which may be offset against the plaintiff's costs, as they shall be ultimately taxed by the clerk. After service of a copy of this opinion, the clerk of Jefferson county may enter an order in accordance therewith.