REVERE COPPER COMPANY OF BOSTON, MASSA-
CHUSETTS, APPELLANT, *v.* ANTHONY W. DIMMOCK,
RESPONDENT.

*Costs of appeal — when the successful party is entitled to them as a matter of right.*

A judgment entered by the plaintiff in an action for the recovery of money only, upon a verdict for more than fifty dollars, was reversed by the General Term and a new trial granted, with costs to the defendant to abide the event. The Court of Appeals reversed this order and affirmed the judgment, with costs.
*Held,* that the plaintiff was entitled to include in his bill of costs the items allowed by the Code for services rendered and disbursements incurred upon the appeal to the General Term.

APPEAL from an order made at a Special Term denying a motion for the readjustment of costs.

*Edward B. Whitney,* for the appellant.

*George Putnam Smith,* for the respondent.

DANIELS, J.:

The plaintiff obtained a verdict exceeding in amount the sum of fifty dollars in an action for the recovery of money only. The judgment upon it was reversed by the General Term and a new trial ordered, with costs to the defendants to abide the event. From this order an appeal was taken to the Court of Appeals where it was reversed and the judgment on the verdict was affirmed, with costs.

In the adjustment of the plaintiff's costs the items for services and disbursements on the appeal to the General Term were excluded. This denial of these costs was erroneously made, for the plaintiff was entitled to costs, as a matter of course, upon the recovery of the verdict obtained in the case. (Code of Civil Pro., § 3228, sub. 4.) And when costs are so awarded section 3251 of the Code has prescribed the precise items which shall be allowed, and by subdivision 4 of this section the rejected items have been included.

It was not requisite that in the final determination these costs should be in direct terms awarded, for the law had declared the right to them to follow the favorable decision which was made. (*Ayers* v. *Western R. R. Co.*, 49 N. Y., 660.) The case of *Howell* v. *Van Siclen* (8 Hun, 524) was that of a reversal and a new trial ordered, where the costs have been made discretionary; and the disposition of *Matter of Protestant Episcopal School* (86 N. Y., 396), and the *Union Trust Company* v. *Whiton* (78 id., 491), were equally discretionary in this respect.

Neither of them, therefore, is applicable to the case now before the court; and the same observation is equally as pertinent to that of the *First National Bank of Meadville* v. *The Fourth National Bank* (84 N. Y., 469).

The plaintiff had a lawful right to the costs and disbursements now claimed by him. The order should therefore be reversed, with costs, and an order directing a readjustment in which the allowance of these controverted items shall be made.

DAVIS, P. J., and MACOMBER, J., concurred.

Order reversed and readjustment ordered, with ten dollars costs and disbursements.