Potter, J.—
This is a question in relation to the allowance and taxation of costs. I am of the opinion that the application of Plum was a special proceeding. It was not an action, as defined by section 3333 (Roe v. Boyle, 81 N. Y., 305), for Plum was not a party to the action, and this proceeding was taken on his behalf to establish the lien of his mortgages and the extent of such lien upon the shares of two of the defendants in an action of partition, after interlocutory judgment for a sale of the premises.
The application was made upon a motion, and an order of reference was made to ascertain and report. Evidence was taken before the referee, who made findings of fact and of law, with a report in the applicant’s favor. Exceptions were taken, and they were considered at the same time the motion to confirm the referee’s report was heard, and the report of the referee was confirmed. Upon the appeal to the general term the order confirming the report was reversed, with costs in the court below. Upon appeal to the court of appeals the order of judgment of the general term was affirmed, with costs of the courts of appeals.
No question is made in relation to the costs of the court, of appeals. The character and purpose of the application is within the definition of a special proceeding. Section 3334; 86 N. Y., 396; 74 id., 448. The relief sought by Plum by the proceeding was to have his mortgages paid out of the proceeds of the sale of the mortgaged premises, the *729 same result as would be accomplished by a sale of the premises in an action to foreclose the mortgages. It was not properly a motion in the action, for Plum was not a party to the action. The cases referred to by the counsel for Plum, though somewhat analogous to this, were motions in relation to liens or claims upon the surplus arising from a sale in foreclosure. That proceeding is given and regulated by the statute and the rules of the court. 47 Barb. Rep., 618, and 9 Hun, 59.
This being a special proceeding, the costs are in the discretion of the court. The only award of costs in the supreme court was that of the general term in awarding costs in the court below. That court did not award any costs of the appeal to the general term, and, of course, the court, on this motion, cannot award any costs, except the costs of this motion. An extra allowance of costs cannot be made in a special proceeding. And where costs are awarded in a special proceeding they must be at the rate allowed for similar services in an action, etc. Section 3240.
The rates allowed for similar services in actions are ten dollars for opposing the motion to refer, and ten dollars costs of opposing motion to confirm, with the disbursements incident to each motion, and thirty dollars for trial, and ten dollars in addition, the trial occupying more than two days.
I do not think that the charge for making a case is allowable. The proofs and exhibits before the referee, and his requests and findings form a part of his report, and were no - doubt filed as such. That I presume was certified by the clerk to the appellate court, and there was in fact no case prepared and settled, or any services similar to that in getting the matter before the appellate court.
The appellants are entitled to be allowed as disbursements for the expense of printing the requisite number of copies of the case, as provided by the rules, and no more. That charge will be fixed by the taxing officer upon the proofs, and also the term fees in the court of appeals. If any more copies of case on appeal than were requisite were printed, the excess cannot be taxed against the unsuccessful party. Neither the court nor the taxing officer has anything to do in relation to any excess of cases, or what disposition was made of them.
It is, perhaps, a hardship that the successful party to this litigation should not be able to recover more costs that these rulings admit of, but it cannot be avoided under the law and decisions in relation to extra allowances, and the fact that the general term only awarded costs in the court below.
*730 I think the taxing officer should adjust the costs in dispute in accordance with these views, and that no costs of this motion should be allowed to either party.