THE PEOPLE OF THE STATE OF NEW YORK, APPEL-LANT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, RESPONDENT.

*Costs upon a reversal by the Court of Appeals of an order granting a peremptory writ of mandamus — when its direction as to costs will be treated as applying to those of that court only.*

An order of the General Term, affirming an order of the Special Term granting the plaintiff's application for a peremptory writ of *mandamus,* was "reversed and motion denied, with costs," by the Court of Appeals in this case, in which an alternative writ would have been required but for the adoption by the parties of an agreed statement of facts, upon which the motion for a peremptory writ was made.

*Held,* that this case must be deemed a special proceeding, and that the right to costs was discretionary and dependent upon the effect of the direction in the judgment of the Court of Appeals.

That the Court of Appeals did not, in this case, award costs of any other court than its own.

APPEAL from an order of the Erie Special Term, denying plaintiff's motion for a retaxation of costs.

*D. O'Brien,* attorney-general, for the appellant.

*George F. Brownell,* for the respondent.

BRADLEY, J.:

The order of the Special Term, granting the plaintiff's application for a peremptory writ of *mandamus,* was affirmed by the General

Term, and this order of affirmance was reversed and motion denied, with costs, by the Court of Appeals. The allowance and taxation of costs to the defendant for the proceedings in this court and in the Court of Appeals having been made by the clerk, the plaintiff moved the Special Term for direction that they be retaxed by striking out all of them, except those of the Court of Appeals. The motion was denied; and the question arises whether the determination and direction of the Court of Appeals entitles the defendant to costs other than those of the appeal to that court.

If this cannot be treated as an action in which costs follow the final result as matter of right, the question here must depend upon the effect given to the provision of the decison of the Court of Appeals allowing costs to the defendant. This was a case in which an alternative writ would have been required but for the adoption by the parties of an agreed statement of facts upon which the motion for a peremptory writ was made. And for that reason it is contended, on the part of the defendant, that the proceeding was an action for all purposes. (Code Civ. Pro., § 2082.) And that because costs may be awarded as in actions (Id., § 2086), the provisions giving costs in them as of course (Id., §§ 3228, 3229) are applicable. In case an alternative writ issues it is treated as an action. (*People ex rel. Lumley* v. *Lewis*, 28 How., 159; S. C., id., 470; *People ex rel. Witherbee* v. *Supervisors*, 70 N. Y., 237.) But whether, in such a case, the party prevailing upon the issues so presented is entitled to costs as matter of right, does not require any consideration on this review, because no alternative writ was issued and no issue of fact tried, but to obviate the necessity of such writ the facts were relieved from controversy, and the motion made directly for the peremptory writ. This must, therefore, be deemed a special proceeding, the matter of costs is discretionary and the right to them is dependent upon the effect of the direction of the judgment of the Court of Appeals in that respect. (Code Civ. Pro., §§ 3240, 3333.) And unless the purpose of that court is in some manner indicated, in its decision and direction upon that subject, to embrace within the award of costs those of the court below it, the allowance of costs will be treated as those of the Court of Appeals only. (*In re Protestant Episc. P. S.*, 86 N. Y., 396; *In re Water Commissioners, etc.*, 104 N. Y., 677.)

It is, however, insisted that inasmuch as the judgment of that court made a final disposition of the case by reversal of the order of the General Term and denial of the plaintiff's motion for the writ with costs, this final direction as to costs must be treated as having reference to all the proceedings had in both courts. And in support of that proposition the defendant's counsel cites *Matter of New York, West Shore and Buffalo Railroad Company* (28 Hun, 505); *In re Hood* (30 id., 472); *Jermain* v. *Lake Shore and Michigan Southern Railroad Company* (31 id., 558); *Von Keller* v. *Schulting* (45 How, 139); *Rensselaer and Saratoga Railroad Company* v. *Davis* (55 N. Y., 145). And those cases do tend in that direction. In the latter one, however, the question here does not seem to have been raised or considered. But it is difficult to give to them the effect of establishing the right of the defendant to costs in this court consistently with the views of the Court of Appeals in the cases before cited. *In re P. E. P. S.* (86 N. Y., 396), the court states the case as a reversal of the General Term, and affirmance of the Special Term with costs, and holds that the costs awarded are those of the Court of Appeals only; and in the *Water Commissioner case* (104 N. Y., 677), reference is made to *Murtha* v. *Curley* (92 N. Y., 359), where the order of the General Term was reversed and the judgment of the Special Term affirmed, and it is distinguished by the fact that it was an action at law in which the prevailing party was as of course entitled to costs, and as the ground upon which that case was decided and supported. And that appears to be the ground of the decision. It would have been unnecessary to observe that distinction if the determination in that court having the terms and effect of disposing of the whole case, carried the general direction of costs through the proceeding in the court below. In view of those cases we think the construction contended for by the defendant's counsel of the decision and award of costs by the Court of Appeals is not permitted, and that the court did not, as it might, award costs of any other than that court.

And, therefore, the order should be reversed and direction given for retaxation by striking out the costs other than those of the appeal to the Court of Appeals, and without costs of this appeal.

Barker, P. J., and Haight, J., concurred.

Order reversed and retaxation ordered by striking out the costs. other than those of the Court of Appeals, without costs of this appeal to either party.