ISOLA et al. v. WEBER et al.

(Supreme Court, Appellate Division, First Department.　December, 22, 1896.)

APPEAL—REMITTITUR—COSTS.

　　Where the court of appeals reverses an order of the general term "with costs," the special term cannot, on remittitur, award separate bills of costs to each appellant.

Appeal from special term, New York county.

Action by Maria Isola and another, as administrators, against John Weber and another, doing business under the firm name and

style of J. & L. Weber, and Michael Power. From an order entered on remittitur from the court of appeals, awarding costs to different defendants who had appealed, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

John H. Whiting, for appellants.

John J. Fitzgerald, for respondents.

PER CURIAM. The single question presented is, were the defendants entitled to separate bills of costs in the court of appeals, or only one? The remittitur recites:

"That the order of the general term, * * * appealed from herein to this court, be, and the same is hereby, reversed, and the order of the special term of said court affirmed, with costs."

In the order entered upon this remittitur, from which this appeal is taken, it is recited:

"That the said order of the special term * * * be, and the same hereby is, affirmed and given full force and effect in all respects, with costs to each of the appellants herein."

We think that this was a clear enlargement of the judgment of the court of appeals, and was unwarranted. The question was one as to costs in the court of appeals, and that court alone can fix the costs. The remittitur from that court says, simply, "with costs," and does not say, "with costs to each of the appellants." To quote the language of the court of appeals in Re Protestant Episcopal Public School, 86 N. Y. 396:

"The special term had no discretion to exercise. The question was not before it. Its sole duty was to enter exactly the order which this court entered, and it can neither add to nor take away from our judgment."

There, as in the case at bar, the court of appeals reversed the order of the general term, and affirmed that of the special term, "with costs." See, also, Van Gelder v. Van Gelder, 84 N. Y. 658.

As there was no question before the special term except as to the costs in the court of appeals, that court alone could determine that question, if there was any dispute, and the special term was entirely without authority to enlarge the direction as to costs made by the court of appeals.

The order should, therefore, be reversed, with $10 costs and disbursements, and an order entered making the judgment of the court of appeals the judgment of this court.