STEVENS et al. v. CENTRAL NAT. BANK OF BOSTON et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1898.)

APPEAL—REMITTITUR—MANDATE—COSTS.

The supreme court of the United States reversed a judgment appealed from the New York court of appeals in two particulars, leaving it otherwise undisturbed; the mandate reciting that "the same is hereby reversed, with costs, and that the said appellants recover from the said respondents $1,047.70, for their costs herein expended." The court of appeals ordered this mandate to be annexed to the remittitur and sent down to the supreme court, "without costs in this court." *Held,* that the special term properly entered judgment for costs in the circuit and general terms of the supreme court.

Parker, P. J., and Merwin, J., dissenting.

Appeal from special term, Ulster county.

Action by Aaron R. Stevens and others against the Central National Bank of Boston and others. Judgment for plaintiffs was affirmed in the general term and in the court of appeals (39 N. E. 68), and defendants appealed to the United States supreme court (18 Sup. Ct. 403), where the judgment was reversed in part, and remanded to the court of appeals (50 N. E. 1115), which in turn remanded it to the special term, which entered judgment in accordance therewith. 53 N. Y. Supp. 193. From the portion of the judgment allowing defendants costs in all the courts, plaintiffs appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edward Winslow Paige, for appellants.

Hale & Bulkeley (Charles E. Patterson, of counsel), for respondents.

HERRICK, J. As a general rule, it is the duty of the special term, upon the return of a remittitur from the court of appeals, to enter exactly the order or judgment which that court directs, and neither add to nor take away from such judgment or order. McGregor v. Buell, *40 N. Y. 153; In re Protestant Episcopal Public School, 86 N. Y. 396. Under those decisions where nothing is said as to costs, none should ordinarily be given by the special term in rendering its judgment upon the remittitur. The direction of the court of appeals in this matter is rather indefinite. It directs that the judgment be rendered without costs in that court, but it also provides that the mandate of the supreme court of the United States be annexed to the remittitur, and the proceedings thereupon be remitted to the supreme court of the state of New York for proceedings upon such remittance. This, I think, makes the mandate of the supreme court of the United States a part of the remittitur of the court of appeals; and the mandate of the supreme court of the United States recites that the judgment of the court of appeals be, "and the same is hereby, reversed, with costs." It then proceeds to provide that the appellants recover against the "respondents, Aaron R. Stevens et al.. $1,047.70, for their costs herein expended." The first, I take it, means costs generally in the case, and the last an award and statement of the costs of the appellants in the supreme court of the United

States; and the judgment being reversed with costs, and the direction of the court of appeals being that the supreme court render judgment conforming to the said mandate, the special term, I think, was correct in ordering a judgment to be directed with costs.

The order appealed from should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except PARKER, P. J., and MERWIN, J., dissenting.

LANDON, J. (concurring). Helck v. Reinheimer, 14 N. Y. St. Rep. 465, was an appeal from an order refusing to set aside a taxation of costs; the general term holding that a party beaten below, and succeeding in the court of appeals, in an equity action, ought to be permitted to apply in the supreme court for costs. The court of appeals in the same case (121 N. Y. 663, 24 N. E. 450) dismissed the appeal in order to allow the supreme court to pass upon the question of costs.

MERWIN, J. (dissenting). The special term, as it seems to me, had no authority to award to the present respondents the costs of the original trial and of the appeal to the general term. The case did not come to the special term for a new trial. None had been granted. The only power the special term had was to award judgment as the highest court had directed. The mandate of that court was:

"That the judgment of the said court of appeals in this cause be, and the same is hereby, reversed, with costs, and that the said appellants recover against the said respondents, Aaron R. Stevens et al., one thousand and forty-seven dollars and seventy cents, for their costs herein expended, and have execution therefor. And it is further ordered that this cause be, and the same is hereby, remanded to the said court of appeals for further proceedings not inconsistent with the opinion of this court."

This mandate or judgment did not give to the successful party the costs in the court of appeals, as that court evidently held on the passage through it of the remittitur. If the expression "with costs" did not include the costs of the court of appeals, it certainly did not include the costs of the lower court. The opinion referred to in the mandate gave no directions as to costs. The judgment of the state supreme court was not reversed or affected, except in certain particulars. . This is so expressly stated in the memorandum of the United States supreme court of May 31, 1898. 18 Sup. Ct. 837. That memorandum states what those particulars were, and the matter of costs in the state supreme court was not one of them. The question of costs in that court was not opened or disturbed. So I think the special term had no power over it. The order of the special term, so far as it awards the costs of the trial and of the appeal to the general term, should be reversed.

PARKER, P. J., concurs.