(61 App. Div. 294.)

### GARRETT v. WOOD et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

Costs—Proceedings before Notice—Demurrer.

　　On sustaining a demurrer to answer, with permission to plead anew, plaintiff's costs must be limited to those allowed for proceedings after notice and before trial, and to the trial fee, though, when the case is finally determined, if plaintiff succeeds, he will be entitled to costs of proceedings before notice.

Appeal from special term, Albany county.

Action by Lena Garrett against Bradford R. Wood, as executor, etc., and others. From an order denying her motion for a new retaxation of costs, plaintiff appeals. Affirmed.

See 51 N. Y. Supp. 651, 67 N. Y. Supp. 122, 68 N. Y. Supp. 157.

Plaintiff demurred to one of three defenses. This demurrer was sustained, with leave to the defendant to amend upon the payment of costs of the demurrer. In those costs as first taxed by the clerk were included costs before notice of trial, $25; costs after notice and before trial, $15; and trial fee, $20; making, in all, $60. Upon retaxation the clerk struck out the item of $25 costs before notice of trial, and left the costs as taxed at $35. Upon motion to the special term for a retaxation, the court held that the costs as finally adjusted by the clerk were properly taxed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Barnwell Rhett Heyward, for appellant.
Arthur L. Andrews, for respondents.

PER CURIAM. We agree with the decision below. In Jones v. Butler, 83 Hun, 91, 31 N. Y. Supp. 401, this precise question was be-

fore the general term of the Second department, and the disposal of the question there made meets our entire approval. In the opinion of the presiding justice in that case it is said:

"The judgment is interlocutory, and not final. The defendant is allowed to amend his answer. When the case is finally determined, if the plaintiff succeeds, he will be entitled to that item; but upon sustaining a demurrer, with permission to plead anew, costs should be limited to those allowed for proceedings after notice and before trial, and a trial fee."

See, also, Louis v. Insurance Co., 75 Hun, 364, 27 N. Y. Supp. 83; and Marsh v. Graham, 19 Misc. Rep. 263, 44 N. Y. Supp. 253.

If the demurrer were interposed to the whole answer, and the defendant should not avail himself of the permission to plead anew, final judgment would then be entered for full costs. To limit the plaintiff, however, to the costs after notice and before trial, and to the trial fee, as a condition of defendant's right to plead anew, gives to the plaintiff, in the theory of the law, full compensation for all steps rendered necessary by reason of defendant's false pleading.

The order should therefore be affirmed, with $10 costs and disbursements.