## DE TURCKHEIM v. THOMAS.

(Supreme Court, Appellate Division, First Department. May 18, 1906.)

COSTS—INTERLOCUTORY JUDGMENT—PROCEEDINGS AFTER NOTICE OF TRIAL.

Where a demurrer is filed to the complaint in a common-law action on the ground that it does not state facts sufficient to constitute a cause of action, and the issue of law arising on the demurrer is duly notified for trial and placed on the Special Term calendar and tried, and the demurrer is sustained, the defendant is entitled to costs of proceedings after notice of trial.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 212.]

Appeal from Special Term.

Action by Frederick De Turckheim against Orlando F. Thomas. From so much of an interlocutory judgment sustaining defendant's demurrer to the complaint as provides that the demurrer is sustained, with $20 costs to be paid to the defendant, instead of full statutory costs on the issue of law, defendant appeals. Modified and affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Richard A. Irving, for appellant.

LAUGHLIN, J. This is a common-law action for work, labor, and services performed and materials furnished. The demurrer was upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. The issue of law arising on the demurrer was duly notified for trial, and placed upon the Special Term calendar and tried. The complaint served was clearly insufficient, and the demurrer was sustained; but the court assumed to have discretion with respect to the allowance of costs, and allowed only $20. The question presented is whether the court had any discretion wtih respect to the allowance of costs, and, if not, what are the statutory costs to which the defendant is entitled.

When an issue of fact and an issue of law are joined between the same parties in the same action, the court, on deciding the issue of law before the issue of fact has been disposed of, is expressly given discretionary authority to deny costs or to award costs to the prevailing party, either absolutely, or to abide the event of the trial of the issue of fact (Code Civ. Proc. § 3232; Adams v. Ward, 60 How. Prac. 288; Doelger v. O'-Rourke, 12 Civ. Proc. R. 254; Rumsey's Pr. vol. 2, pp. 273, 276); but even then it has been held that if costs are allowed the amount of costs is not within the discretion of the court, but is governed by section 3251 of the Code of Civil Procedure (Vogt Mfg. Co. v. Oettinger, 83 Hun, 52, 34 N. Y. Supp. 731). Judge Rumsey applies the rule in Vogt Mfg. Co., supra, generally, and states it to be that, where costs are allowed on an issue of law, the court may not fix the amount absolutely, but they are to be governed by the provisions of the Code of Civil Procedure. Rumsey's Practice, vol. 2, p. 273. The practice under the Code of Procedure was to allow full costs, and it was held that the court had no discretion with respect to the amount thereof. Van Gelder v. Van Gelder, 13 Hun, 118. Here, however, the demurrer was to the entire pleading, and no issue of fact remained to be tried. In such case there is no express provision of law conferring upon the court discretion with respect to the award of costs. The only provision of the Code of Civil Procedure relating to costs in these circumstances appears to be section 3251, which, so far as material, provides as follows:

"Costs awarded to a party to an action must be at the following rates: * * * 2. To the defendant: For all proceedings before notice of trial, except as otherwise prescribed in this article, fifteen dollars. 3. To either party: For all proceedings after notice of trial and before trial, except as otherwise prescribed in this article, fifteen dollars * * *. For the trial of an issue of law twenty dollars."

In Tallman v. Bernhard, 75 Hun, 30, 27 N. Y. Supp. 6, an interlocutory judgment sustaining a demurrer to the entire complaint, without costs, was reversed by the General Term in this department upon the ground:

"There is only one exception to the rule that costs are absolute where a demurrer to a complaint in a common-law action is sustained; and that is furnished by section 3232 of the Code, which provides that where an issue of law and an issue of fact are joined, and the issue of fact remains undisposed of, it is within the discretion of the court to deny costs to either party, or award costs either absolutely or to abide the event."

That decision was cited and followed by this court in Doyle v. Douglas Shoe Co., 92 App. Div. 614, 87 N. Y. Supp. 1133, and by Judge

Chase at Special Term in Marsh v. Graham, 19 Misc. Rep. 263, 44 N.
Y. Supp. 253, and by the General Term of the City Court of New York
in Keller as Commr. v. Shrady, 30 Misc. Rep. 833, 61 N. Y. Supp.
1123. In People ex rel. Scribners v. Water Com'rs 58 App. Div.
554, 69 N. Y. Supp. 93, it was held that costs on demurrer to two of ten
separate defenses set up to an alternative writ of mandamus were dis-
cretionary, but if costs were allowed they could not be fixed by the
court, but are governed by the Code of Civil Procedure. In that case
the costs were discretionary, because it was a special proceeding (Mat-
ter of Protestant Episcopal Public School, 86 N. Y. 396) ; and since
other issues remained to be tried, the rule would have been the same if
it had been an action (Code Civ. Proc. § 3232). Judge Rumsey in his
word on Practice (volume 2, p. 273) says:

> "Where the demurrer is interposed to the whole complaint or to the whole
> answer, the party succeeding is entitled, either absolutely or in the discretion
> of the court, to the costs as fixed by the Code."

And cites People ex rel. Scribner, supra, as authority for that prop-
osition.

The learned jurist and author did not, we think, mean to lay down the
rule that in all cases the costs on an issue of law are discretionary, and
the case cited does not so hold, but rather that in some cases they are
discretionary and in others not.

We now come to the question as to the amount of costs allowed by
section 3251 of the Code of Civil Procedure in such case. The au-
thorities, with a few exceptions, hold that costs after notice and before
trial and of the trial of the issue of law are recoverable; but they are
not in harmony with respect to the costs before notice of trial. The
appellant contends that the costs before notice of trial are intended as
compensation for drawing the pleading, and that, unless he is allowed
those costs now, he never can recover any costs for drawing the demur-
rer, provided the plaintiff accepts the privilege of amending the com-
plaint. Of course, if the plaintiff does not amend, the defendant, on
entering final judgment, would be at liberty to tax costs before
notice of trial; but if the complaint be amended, then the defendant may
be obliged to prepare an answer, and for that, but not for the demur-
rer, he could tax costs before notice of trial on entering final judgment.
Some authorities hold that the costs allowed to either party before no-
tice of trial are intended as compensation for drawing the pleading upon
which he is successful, and that the defeated party should be obliged to
pay the costs of such proceedings as will be vacated as a result of the
decision. Louis v. Empire State Ins. Co., 75 Hun, 364, 27 N. Y.
Supp. 83 ; Van Valkenburgh v. Van Schaick, 8 How. Prac. 271 ; Collomb
v. Caldwell et al., 5 How. Prac. 336. In Louis v. Empire State Ins.
Co., supra, a demurrer to the complaint was overruled, and the plaintiff
claimed costs before notice of trial. It was held that, as his pleadings
would stand and he would be entitled to tax those costs later if success-
ful, they were not allowable on demurrer; but the court by way of
illustration cited with approval the case of Adams v. Ward, 60 How.
Prac. 288, holding that, where a demurrer to an answer was sustained,
the plaintiff was entitled to recover the costs before notice of trial of

the issue of law, as compensation for drawing the demurrer. Other cases lay down the rule of Adams v. Ward, supra, that where the demurrer is sustained, so that the party demurring will be obliged to prepare a new pleading, he is entitled to costs of proceedings before notice of trial. Collomb v. Caldwell, 5 How. Prac. 336. Jones v. Butler, 83 Hun, 91, 31 N. Y. Supp. 401 (General Term, Second Department), is opposed to this view, but it contains no discussion of the authorities, and cites Kniering v. Lennon (Com. Pl.) 22 N. Y. Supp. 775, and Thompson v. Stanley (Sup.) 22 N. Y. Supp. 897, as authority for the decision. In Kniering v. Lennon, supra, a demurrer to one of several counterclaims was sustained, with leave to plead over, and only $20 costs of the demurrer were allowed. The General Term of the Common Pleas held that, as other issues remained to be tried, the costs were discretionary, under section 3232 of the Code of Civil Procedure, and that the court only intended to award costs "upon said demurrer." That decision is clearly in conflict with all the authorities which hold that when costs are awarded they are to be governed by the Code of Civil Procedure, and include costs of the trial of the issue of law and of all proceedings after notice and before trial. In Thompson v. Stanley, supra, a demurrer to a complaint was overruled, and, as the plaintiff was not obliged to draft a new pleading as a result of the decision on the demurrer, he was not permitted to recover costs before notice of trial; hence, that decision was not authority to sustain the proposition for which it was cited. The Third Department in Garrett v. Wood, 61 App. Div. 294, 70 N. Y. Supp. 359, following Jones v. Butler without discussion, and citing approvingly Louis v. Empire State Ins. Co., supra, which, so far as it is authority at all on the proposition, holds the contrary, held that costs before notice of trial are not recoverable by plaintiff on his demurrer to one of three defenses being sustained, with costs. The Second Department in a memorandum decision, in which the facts are not stated, cited Jones v. Butler and Garrett v. Wood, approvingly. Chase v. Drake, 92 App. Div. 612, 86 N. Y. Supp. 1131. In Marsh v. Graham, supra, it was held that only costs after notice and before trial and of the trial of the issue of law are recoverable either on sustaining or overruling a demurrer, and Jones v. Butler, supra, which so holds, and Louis v. Empire State Ins. Co., supra, which, as has been seen, contains a dictum directly opposed, are cited as authority. The decisions which hold that costs before notice of trial are not recoverable either on sustaining or overruling a demurrer fail to discriminate between the two classes of cases, in one of which the pleading of the successful party, which is sustained, stands, and in the other of which it becomes indirectly vacated in consequence of the leave given to the defeated party to plead over; and the authorities holding that the costs before notice of trial are allowed as compensation for drawing the pleading, which thus becomes useless in the future, appear to have been overlooked. Unless the demurrant who is successful is allowed costs before notice of trial, he can never recover costs for drawing the demurrer if the defeated party avails himself of the privilege of amending. There is no danger of an unauthorized recovery of this item of costs twice. If the defeated party does not amend, the successful party on entering final judgment on the

demurrer could not retax the costs before notice of trial, which had already been taxed on the entry of the interlocutory judgment; and if the defective pleading should be amended, the successful party would be obliged to draw a new pleading, for which he should subsequently recover costs if successful in the action.

There is no distinction to be drawn from the provisions of section 3251 of the Code of Civil Procedure with the respect to the recovery of costs before and after notice of trial. As already shown, the authorities, with few exceptions, agree that where costs are allowed or are recoverable on demurrer, they include costs after notice and before trial. Section 3251 does not expressly provide that costs either before or after notice of trial may in any case be recovered twice. It prescribes the amount of costs the successful party is entitled to recover for proceedings before and after notice of trial. The only proceedings of the defendant before notice of trial of his demurrer to the complaint are the preparation and service of his demurrer, which are precisely the same (excepting as the pleading itself differs) as he is subsequently obliged to go through in his preparation and service of his pleading to the amended pleading served by leave of the court on the demurrer being sustained. With the exception that the summons need not be reserved, the action proceeds de novo upon the service of the amended complaint, pursuant to the leave granted. It is manifest that, if final judgment should be entered on the demurrer, the defendant would be entitled to tax the costs of proceedings before notice of trial. Since, if the plaintiff avails himself of the laws to amend, the prior proceedings, for which the defendant would have been entitled to recover if final judgment had been entered, become abortive, I see no reason for depriving him of the right to those costs as costs upon the decision of the demurrer. I am therefore of the opinion that where a demurrer to the entire complaint in a common-law action is sustained, and leave is given to the plaintiff to amend, the defendant is entitled, as a matter of right, on entering the interlocutory judgment, to tax full costs to that time, and then, if the leave to amend be not accepted, on entering final judgment he would only be entitled to tax the costs of entering the final judgment.

If this were an original question, we would decide it in accordance with our own views as herein expressed, but we feel constrained to follow Jones v. Butler, Garrett v. Wood, and Chase v. Drake, supra, and leave it to the Court of Appeals to decide whether those cases properly construe the provisions of the Code of Civil Procedure.

It follows, therefore, that the interlocutory judgment should be modified by including therein costs of proceedings after notice of trial, and, as thus modified, affirmed, with costs to the appellant. All concur.