(53 Misc. Rep. 39)

PENFIELD v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. February 18, 1907.)

COSTS—SUSTAINING DEMURRER TO ANSWER.
    On sustaining a demurrer to answer, plaintiff is not entitled to costs of proceedings before notice of trial.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 213, 591.]

Action by William W. Penfield against the city of New York and others. Motion for an allowance of costs before notice of trial. Denied.

See 101 N. Y. Supp. 442.

Wetherhorn & Link (Edward Brown, of counsel), for the motion. William B. Ellison, Corp. Counsel, opposed.

GIEGERICH, J. The plaintiff demurred to the separate defense set up in the answer, and the demurrer was sustained, with costs. Upon the taxation of the costs the clerk disallowed, among others, the item of "costs before notice of trial," which is the only one the plaintiff seeks to review. In Jones v. Butler, 83 Hun, 91, 31 N. Y. Supp. 401, the plaintiff demurred to certain paragraphs in the answer. The demurrer was sustained, with leave to amend, and it was held that the judgment entered was simply interlocutory, and not final, and that in the taxation of costs the plaintiff was improperly allowed the item for proceedings before notice of trial. The doctrine of this case was followed in Garrett v. Wood, No. 2, 61 App. Div. 294, 70 N. Y. Supp. 359, and in Chase v. Drake, 92 App. Div. 613, 86 N. Y. Supp. 1131.

The plaintiff contends, however, that these cases are no longer controlling in view of the opinion of the court in the recent case of De Turckheim v. Thomas, 113 App. Div. 123, 99 N. Y. Supp. 104. While the opinion in that case apparently holds the plaintiff's views; it nevertheless concludes in the following words:

"If this were an original question, we would decide it in accordance with our own views as herein expressed; but we feel constrained to follow Jones v. Butler, Garrett v. Wood, No. 2, and Chase v. Drake, supra, and leave it to the Court of Appeals to decide whether those cases properly construe the provisions of the Code of Civil Procedure."

The case just quoted, even if it were similar in its facts to the present one, is, therefore, not an authority in the plaintiff's favor. The facts, however, in the two cases were entirely different. The former was a common-law action for work, labor, and services performed and materials furnished. The defendant demurred upon the ground that the complaint failed to state facts sufficient to constitute a cause of action, and the demurrer was sustained, with leave to the plaintiff to amend on payment of costs. This action is in equity to enjoin and restrain the defendants from collecting and causing the filth, waste, dirty water, and other unwholesome, ill-smelling, and obnoxious substances to flow, empty, or discharge over, in, and upon the plaintiff's lands, and from permitting the same to be done, and particularly that the defendant the city of New York, its officers, agents, servants, and employés, and each of them, be enjoined and restrained from proceeding with or carrying out its and their threat, attempt, and effort to connect or permit the connection of other and additional premises in the village of Wakefield, New York City, with the Becker drain or sewer, and thus increasing the flow of filthy substance over, in, and upon plaintiff's land, and also for the sum of $10,000 damages. That the justice who wrote the opinion of the court in De Turckheim v. Thomas, supra, intended to limit the application of his views to cases of that class is evident from this language (page 128 of 113 App. Div., and page 108 of 99 N. Y. Supp.):

"I am therefore of the opinion that where a demurrer to the entire complaint in a common-law action is sustained, and leave is given to the plaintiff to amend, the defendant is entitled as a matter of right, on entering the interlocutory judgment, to tax full costs to that time, and then, if leave to amend be not accepted, on entering final judgment he would only be entitled to tax the costs of entering the final judgment."

In the case at bar the original pleadings stand and the issues are still to be tried, and the judgment entered upon the demurrer was simply interlocutory, and not final. It results from these views that the clerk was right in disallowing costs before notice of trial.

Motion denied.