PALEY et al. v. SMITH.

(Supreme Court, Special Term, Kings County. December 12, 1911.)

1. Costs (§ 13*)—Equity Action—Discretion.

Costs in an equity suit are discretionary, both as to the granting and as to the amount, except that the total amount cannot exceed that provided by Code Civ. Proc. § 3230.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 21, 25; Dec. Dig. § 13.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. COSTS (§ 152\*)—SUSTAINING DEMURRER.**

In actions at law, costs on the sustaining of a demurrer are not discretionary, but must be allowed in the amount specified by statute, to wit, $15 after notice of trial and $20 trial fee.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 591; Dec. Dig. § 152.\*]

**3. COSTS (§ 162\*)—AMOUNT—SPECIAL PROCEEDING.**

While costs in special proceedings may be allowed, according to Code Civ. Proc. § 3240, in the discretion of the court, if allowed, they must be at the rates fixed by the statute in an action.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 580; Dec. Dig. § 162.\*]

Action by Samuel Paley and others against Evelyn C. Smith. On application for allowance of costs. Granted.

George Tonkonogy, for plaintiffs.
Abraham Wolodarsky, for defendant.

CRANE, J. [1] The defendant insists upon a full bill of costs as a matter of right upon the decision sustaining the demurrer to the complaint in this an equity action. Costs in an equity action are discretionary, both as to the granting and as to the amount, except that the total amount cannot exceed that authorized by statute. Section 3230 of the Code of Civil Procedure.

[2] In actions at law, costs upon the sustaining of a demurrer are not discretionary, but must be allowed in the amount specified by statute, $15 after notice of trial and $20 trial fee. 2 Rumsey's Prac. 273; De Turckheim v. Thomas, 113 App. Div. 123, 99 N. Y. Supp. 104, and cases therein cited. In all the cases cited, where costs have been held to be mandatory, and not discretionary, it will be noted that it is specifically stated that the action is one at common law, and not in equity. De Turckheim v. Thomas, supra.

[3] A different rule also applies to special proceedings, such as was the case of People ex rel. Scribner v. Water Commissioners, 58 App. Div. 554, 69 N. Y. Supp. 93. According to section 3240 of the Code, costs may be allowed in the discretion of the court; but, if allowed, they must be at the rates fixed by the statute in an action. See, also, In re Protestant Episcopal Public School, 86 N. Y. 396.

This being an action in equity, I have allowed but $10 costs, conforming the practice to that of a hearing upon the motion for judgment, pursuant to sections 547 and 976 of the Code of Civil Procedure.