### BROWN v. FARMERS' LOAN & TRUST CO.

(*Supreme Court, Special Term, New York County.* January 31, 1890.)

1. COSTS—TAXATION—EXTRA ALLOWANCE.
    The fact that the unsuccessful party to a suit is an administrator, and has no assets in his hands out of which an extra allowance could be paid, is no ground for refusing the allowance.

2. SAME.
    An extra allowance may be granted by the special term after the entry there of an order on a *remittitur*.

3. SAME.
    From an order of the general term reversing a judgment at special term in his favor, and granting a new trial, plaintiff appealed to the court of appeals, with the stipulation that, in case the reversal should be affirmed, judgment should be entered for defendant. *Held* that, on affirmance by the court of appeals, and the subsequent entry of judgment for defendant at special term, defendant could move in the latter court for his costs, and at the same time for an extra allowance.

Action by Augustus C. Brown, administrator of the estate of Mary R. Burnside, deceased, against the Farmers' Loan & Trust Company to recover the value of certain bonds, which were the property of Mary R. Burnside, and were devised by her, with power of disposition, to her husband, Gen. A. E. Burnside, who was also made her executor. The said bonds were deposited by Gen. Burnside with defendant to secure the payment of a loan. This suit was brought after his death to recover the value of the bonds from defendant, on the ground that the power of disposition conferred by the will did not include the power to hypothecate the bonds as security for a loan. Plaintiff recovered judgment at special term, but the general term reversed the judgment, and granted a new trial. 4 N. Y. Supp. 422. From this decision plaintiff appealed to the court of appeals, where the judgment was affirmed. 22 N. E. Rep. 952. Judgment was then entered for defendant, in pursuance of a stipulation to that effect, when the appeal was taken. Defendant now moves for his costs, and at the same time for an extra allowance.

*S. A. Walker,* for plaintiff.    *Turner, McClure & Rolston,* for defendant.

O'BRIEN, J. This action was brought to recover from the defendant the proceeds of certain securities pledged by an executor of the deceased with the defendant. The complaint prayed for equitable relief. The trial of the action resulted in a judgment in favor of the plaintiff against the defendant for $21,508.58. On defendant's appeal this judgment was reversed, and a new trial ordered, with costs to abide the event; from which judgment of reversal plaintiff appealed to the court of appeals upon the usual stipulation. The court of appeals have affirmed the judgment of the general term, with costs. The defendant now moves for an extra allowance in addition to the taxable costs.

Upon succeeding at special term, the plaintiff was awarded an extra allowance; and it is conceded that the case was a difficult and extraordinary one, in which an allowance should properly be granted. Several objections have been raised to the granting of this motion, which may be briefly noticed.

The *first* is that the plaintiff, who is an administrator, has no assets in his hands out of which an allowance could be paid. While this might prevent the defendant from obtaining the benefits of an allowance, it is no reason for withholding the granting of one.

*Second.* The position that an allowance cannot be granted after an order has been entered upon a *remittitur* is equally untenable, under the authority of *Parrott* v. *Sawyer,* 26 Hun, 467.

*Third.* The most serious objection is that, as the party has not been awarded costs, he cannot receive an allowance; or, in other words, to entitle the party to an allowance, he must be entitled to costs. This application, however, is for both costs and an allowance; and, if the court has power to grant the former, it has equal jurisdiction to award the latter. My attention has been called to the case of *Eldridge* v. *Strenz,* 39 N. Y. Super. Ct. 295, which in effect decided that, if the court before whom the final determination is had does not direct an allowance in its judgment, there is no authority elsewhere to adjudge it. This decision has been expressly overruled by the general term of this court in the case of *Parrott* v. *Sawyer, supra,* and also in the case of *Helk* v. *Reinheimer,* 14 N. Y. St. Rep. 465. The contrary is, however, held in the case of *People* v. *Railroad Co.,* Id. 169. I am inclined to the view that, as the defendant was beaten in the trial court, he had no occasion or opportunity to ask for costs; and, as stated in *Helk* v. *Reinheimer,* "we think he ought not to be deprived of that opportunity." This being an equitable action, the application should more properly be made to the judge who tried the case; but, upon the fact appearing that he is no longer a member of the court, the application was properly made to the special term at chambers. Having concluded, therefore, principally upon the reasoning of the opinion in *Helk* v. *Reinheimer, supra,* that the defendant is not barred from making this application for costs, which in the exercise of a sound discretion upon the character of the action should be awarded, his right to an allowance in addition would naturally follow. I am of the opinion, therefore, that the motion should be granted, allowing the defendant to tax his costs upon the trial, and, in addition, should be awarded an extra allowance of $500. Ordered accordingly.