PHŒBE J. HOGAN, Appellant, *v.* DANIEL KAVANAUGH et al., Respondents.

(Submitted October 2, 1893; decided October 10, 1893.)

MOTION for a re-argument.

The case is reported 138 N. Y. 417.

The following is the opinion on motion in full:

"The motion for a re-argument is denied. The learned counsel for the appellant was understood at the argument of the cause to suggest a modification of the judgment. He now insists that the modification made is in conflict with the statutes authorizing sales of real estate for the payments of the debts of deceased persons in the Surrogates' Courts. The decision is that the creditors before entitled to any part of the proceeds of the sale must comply with these statutes. It may be difficult to carry the judgment, as modified, into effect, but we cannot see how it conflicts with any statutory requirement for the sale of real estate in such cases. If it is not complied with within the time embraced in the stay contemplated, then the power to sell in virtue of the legacy becomes operative. The court intended to call attention to certain rules and principles which it was thought were ignored by both sides in this case, leaving it to the parties themselves or the courts below to apply them to the situation, and thus correct the error by stipulation, order or otherwise as was deemed most convenient. When the case is remitted to the Supreme Court to carry the judgment into effect, it is assumed that power exists to adjust the rights of all the parties in accordance with the principles indicated. No other method has been suggested to obviate the difficulties that the parties have placed in their own way.

" In regard to the question of costs we did not intend to interfere with the discretion exercised on that subject by the courts below. It may be that none of the parties should be awarded costs in the light of the decision of this court. But that question should be presented to the court in which the costs were allowed, and after hearing all parties it has the power to modify the decision on that subject in such manner as justice

may require.    This court has the power to strike out all allowances for costs included in the judgments rendered, but as disbursements to a considerable amount have been paid by someone we think the question of modifying the award of costs should be disposed of by the courts below upon an application for that purpose."

*Wm. H. Henderson* for motion.

*D. E. Powell* and *J. G. Record* opposed. ·

O'Brien, J., reads for denial of motion.
All concur.
Motion denied.