JOHN T. BARNARD, as Temporary Administrator, etc., Respondent, *v.* SUSAN E. HALL et al., Impleaded, etc., Appellants.

The complaint in an equity action was dismissed on trial. On appeal the judgment was reversed. The order of General Term was affirmed on appeal to this court, and upon defendants' stipulation judgment absolute was ordered for plaintiff, with costs (140 N. Y. 250). *Held,* that upon filing the remittitur, the Special Term had power to award costs and an extra allowance; that while under the order of affirmance the costs awarded were the costs in this court only, as the case was one where the costs and an extra allowance were in the discretion of the court below, it was proper for the court to award them in ordering final judgment.

(Submitted October 8, 1894; decided October 16, 1894.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 14, 1894, which affirmed an order of Special Term directing judgment in favor of plaintiff to be entered upon a remittitur of the Court of Appeals.

The facts, so far as material, are stated in the opinion.

*Boothby & Warren* for appellants. Costs in equity actions are not a matter of right, but are governed by section 3230 of the Code of Civil Procedure. (*Phelps* v. *Wood,* 46 How. Pr. 1; *Block* v. *O'Brien,* 23 Hun, 82; *Sisters of Charity* v. *Kelly,* 68 N. Y. 628; *In re Water Comr., etc.,* 104 id. 677; *Thomas* v. *White,* 50 Hun, 441.) The Special Term should not have granted costs against the appellants. (*People* v. *N. Y., L. E. & W. R. R. Co.,* 14 N. Y. S. R. 168.) The Court of Appeals had the power to award costs of the trial term, but they did not do it. (*Freney* v. *Smith,* 126 N. Y. 658.) The Special Term erred in granting an extra allowance against appellants. (*Eldridge* v. *Strenz,* 7 J. & S. 295.) No affidavit was furnished by the moving parties on this motion for an extra allowance. The court should be furnished with an affidavit of facts sufficient to enable it to form an opinion

on the subject. (*Howe* v. *Miner,* 4 How. 252.) The only judgment asked for against the appellants was to reform the trust deed. (*Lyon* v. *Belchford,* 8 Civ. Pro. Rep. 229.) Upon a remittitur being filed in the court below, the latter court has no power to render any other judgment than one simply adopting that of the Court of Appeals as its own. (*McGregor* v. *Buel,* 1 Keyes, 153.) The order is appealable. (*Connaughty* v. *S. C. Bank,* 92 N. Y. 401; *Comrs.* v. *Bd. Suprs.,* 64 id. 626.)

*E. B. Barnum* and *George G. Barnard* for respondent. The appeal from so much of the decree as declared the trust deed of August 24, 1883, and the instrument of April 2, 1884, filling a vacancy and purporting to affirm the trust deed, should be dismissed. (*Barnard* v. *Gantz,* 140 N. Y. 255; *Wilkins* v. *Earle,* 46 id. 358.) The costs and allowance were properly awarded. (*Parrott* v. *Sawyer,* 26 Hun, 466; *Helck* v. *Reinheimer,* 14 N. Y. S. R. 465; *Brown* v. *F. L. & T. Co.,* 24 Abb. [N. C.] 160.)

*Per Curiam.* The action was brought by plaintiff's intestate to reform a certain trust deed relating to her property and, upon her death, it was continued by plaintiff. At the Special Term the trial resulted in a dismissal of the complaint; but, upon appeal, the General Term reversed the judgment in favor of the defendant and ordered a new trial, with costs to abide the event. From their order the defendants appealed to this court, where the judgment was affirmed, and, under the stipulation of the defendants, judgment absolute was ordered by this court for the plaintiff, with costs. (*Barnard* v. *Gantz,* 140 N. Y. 255.) After filing our remittitur, the plaintiff moved for entry of judgment thereon and for an extra allowance of five per cent. An order was entered, which, after making the judgment of this court the judgment of the Supreme Court, proceeded specifically to order the relief to which the plaintiff was entitled under our decision, and, further, granted " an extra allowance

of $1,100, in addition to costs which are to be hereafter taxed by the clerk," etc.   The defendants and appellants insist that the Special Term had no right to order costs, or an extra allowance, and that in so ordering and in formulating the equitable relief, which the plaintiff should have, the court below has gone beyond, and has not conformed exactly to, the order of this court.   Under our order, the costs awarded were the costs in this court only ; but, as the action was one where costs were in the discretion of the court, it was proper for the court below to award them in ordering the final judgment for the plaintiff, which our decision entitled him to.   The discretion, with which the court is invested by the statute, could competently be exercised then.   Nor was the granting of the extra allowance an erroneous exercise of power.   The terms of our order did not preclude the court below from awarding the costs or the allowance.   It was within its discretion to award them, upon the new trial resulting successfully to the plaintiff if it had been had, and, under the course taken by the defendants, upon the recovery by the plaintiff of an order for an absolute judgment, the court still had the power to determine the questions of costs and of allowance.   The amount of the allowance was in the discretion of the court and there has been no abuse in its exercise.   As to the specific equitable relief granted by the court below, in its order for judgment, we think it was in conformity with our decision and correctly carried it into effect.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.