THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSWELL W. KEENE, Respondent, *v.* THE BOARD OF SUPERVISORS OF QUEENS COUNTY, Appellant, Impleaded, etc.

83  237
145a 597

*Mandamus — costs in the General and Special Terms on a reversal in the Court of Appeals — when the granting of them at Special Term is discretionary — sections 2086 and 3228 of the Code of Civil Procedure — demurrer to an alternative writ.*

Where the Court of Appeals reverses the decision of the General and Special Terms of the Supreme Court which sustained a demurrer to an alternative writ of mandamus, with costs to the defendant, and grants leave to the defendant to answer on payment of costs, the relator may properly apply to the Special Term for an order granting him the costs of the Special Term.

The granting of such an order is discretionary with the Special Term, as the relator is not entitled to such costs, as a matter of right, under section 2086 of the Code of Civil Procedure, inasmuch as the mandamus, though strictly a remedy at law and not in equity, does not fall within the terms of section 3228 of the Code of Civil Procedure.

The General Term will, upon application to it, determine the matter of the award of costs in that court.

APPEAL by the defendant, The Board of Supervisors of Queens County, from so much of an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 27th day of June, 1894, as awards to the relator the costs of the trial at Special Term, and costs and disbursements of the appeal to the General Term; also from that portion of an order made at the Kings County Special Term on the 26th day of June, 1894, and entered in the office of the clerk of the county of Kings, as awards to the relator the costs of the trial at Special Term and costs and disbursements of the appeal to the General Term, and, on such taxation of costs being made by the clerk of the court, allows the defendant to answer the alternative writ of mandamus on payment thereof; also from an order made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 18th day of July, 1894, denying the defendant's motion to vacate or modify the judgment entered herein on the 27th day of June, 1894.

*F. H. Van Vechten,* for the appellant.

*Roswell W. Keene,* respondent, in person.

CULLEN, J.:

These are three separate appeals, one from an interlocutory judgment, and two from orders of the Special Term. It is unnecessary to state their character further than to say they go to a single point, the right of the relator to the costs of this court at Special and General Terms.

An alternative writ of mandamus was issued to the appellant, to which it demurred. The demurrer was sustained at Special Term and at General Term, with costs to the defendant in each instance. The Court of Appeals reversed the judgments of the General and Special Terms " with leave to the defendant to answer on payment of costs." The relator then applied to the Special

Term for an order granting him the costs of the General Term and the Special Term, which was granted.

We think that under section 2086 of the Code of Civil Procedure, as to mandamus, and from the fact that mandamus, though strictly a remedy at law and not in equity, does not fall within the terms of section 3228, the relator was not entitled to these costs as a matter of right. If so, unquestionably the costs were in the discretion of this court. It is true that such costs had been awarded by this court to the present appellant.   But such awards fell with reversal by the Court of Appeals of the judgments of which those costs were the incident. Thereupon the subject-matter of costs was before this court undetermined, and subject to the exercise of its discretion.   The case of *Barnard* v. *Hall* (143 N. Y. 339) is an authority exactly in point. The Special Term properly exercised its discretion in favor of the relator.   Had this court given a right judgment instead of a wrong one, he would have been granted costs in the first instance.   The General Term costs, we think, could only be granted by this branch of the court.   But a motion has been made to this General Term for that purpose, and that application should be granted.

The orders appealed from should be affirmed, with ten dollars costs and disbursements, except so far as they grant the relator the costs of these proceedings at General Term, and the motion of relator at General Term for the allowance of such costs should be granted.

Brown, P. J., and Dykman, J., concurred.

Orders affirmed, with ten dollars costs and disbursements, except so far as they grant to relator costs of this proceeding at General Term, and motion of relator at General Term for allowance of such costs is granted.