Virginia K. Hascall, Respondent, v. Vincent C. King, Jr., and Anna Louise King, Individually and as Executors and Trustees under the Last Will and Testament of Vincent C. King, Deceased, Appellants, Impleaded with Mamie K. Smith and Hattie K. Hilton, Respondents.

*Costs and allowances in an equity action — their allowance is an issue in the trial and appellate courts — when controlled by the decision of the Court of Appeals.*

On an appeal in an equity action, the question of costs is always one of the issues before the appellate tribunal.

The complaint, in an action brought to procure an adjudication that a will was invalid, was dismissed at the Special Term, with costs, and an allowance of $1,000 made to the defendant executors payable out of the estate.

On an appeal taken by the plaintiff and the defendants, other than the executors, the Appellate Division affirmed the judgment, with costs to the defendant executors payable out of the estate. The Court of Appeals, on an appeal by the

same parties, modified the judgment and affirmed it as modified, "with costs to the appellants in all courts, and to the respondents in this court, payable out of the estate." -

*Held*, that as the Court of Appeals had given specific directions concerning the question of costs, the Special Term had no discretion in respect thereto, but should have followed such directions;

That the Special Term could not award to each of the appellants a separate bill of costs or grant an extra allowance to any of them;

That the award by the Court of Appeals of costs "to the respondents in this court" did not affect the award of costs to the respondents by the lower courts.

*Semble*, that to protect the appellants' right to move for an extra allowance at the Special Term they should have procured a direction permitting them to do so from the Court of Appeals.

The meaning of the various formulæ used by the Court of Appeals in respect to the question of costs, explained.

APPEAL by the defendants, Vincent C. King, Jr., and another, as executors and trustees under the last will and testament of Vincent C. King, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of June, 1900, granting costs and an allowance to the plaintiff and costs and an allowance to the defendants Smith and Hilton, and also from so much of an order, made at the New York Special Term and entered in said clerk's office on the 26th day of June, 1900, as granted separate bills of costs to the plaintiff and the defendants Smith and Hilton, and in so far as said order gave costs to each of the appellants. .

*William A. Boyd*, for the appellants.

*James F. McNaboe*, for the respondents Smith and Hilton.

*Peter B. Olney*, for the respondent Hascall.

HATCH, J. :

This action was brought to procure an adjudication of the will of the late Vincent C. King, declaring the same invalid and incidentally for a partition of his real estate. The litigation involved, among other things, the validity of the trust attempted to be created by the 6th clause of the will. The trust estate so attempted to be created consisted, chiefly, of real estate of the value of $150,000. The cause was tried at Special Term, where the complaint was dismissed and the

will adjudged to be valid, with costs, and an allowance of $1,000 to the defendant executors, payable out of the estate.

Upon an appeal to the Appellate Division, this department, taken by the plaintiff and the defendants Smith and Hilton, the judgment was affirmed, with costs to the defendant executors and trustees payable out of the estate. (28 App. Div. 280.) The Court of Appeals (162 N. Y. 134), upon an appeal taken by the same parties, modified the judgment and affirmed the same as modified, " with costs to the appellants in all courts, and to the respondents in this court, payable out of the estate."

The attorney for the plaintiff and the attorney for the defendants Smith and Hilton respectively made motions at Special Term upon the pleadings and proceedings and upon affidavits and the remittitur of the Court of Appeals for an extra allowance in addition to costs. Upon these motions two orders were made and entered, in one of which the plaintiff was allowed her costs and disbursements, to be taxed by the clerk and inserted in the judgment, and the further sum of $750 allowance ; and the defendants Smith and Hilton were also allowed the amount of their costs and disbursements, to be taxed, and the further sum of $250 as an allowance, the same to be inserted in the judgment and to be paid out of the estate. By the other order the plaintiff and the appellants Smith and Hilton were allowed their costs in all the courts, and costs to be allowed to the respondents in the Court of Appeals. Under these orders the plaintiff taxed costs amounting to $466.63 and an allowance of $750, and the defendants Smith and Hilton taxed separate bills of costs amounting to $379.70, and an allowance of $250 each. In each of those bills of costs was included separate costs in the Court of Appeals, Appellate Division and Special Term.

From the first order, and from so much of the second as granted separate bills of costs to the plaintiff and the defendants Smith and Hilton, this appeal is taken.

It seems to be now the settled rule that costs in an equity action must be granted to the party entitled thereto by an order of the court entered upon its judgment, and without such order no costs are awarded. (*Downing* v. *Marshall*, 37 N. Y. 380 ; Code Civ. Proc. § 3230.) This discretion to award costs is possessed by every court where the question is properly before it. (*Herrington* v.

*Robertson*, 71 N. Y. 280; *Chipman* v. *Montgomery*, 63 id. 221, 238.) The question of costs, therefore, in an equity action is one of the issues involved; it is primarily presented at the trial court, and while, as a rule, the appellate tribunals will not interfere with the discretion exercised by the court below, yet as it furnishes one of the issues for determination by appellate tribunals, it is always before such court for disposition, together with the other issues which the case presents.

It is somewhat difficult to determine just when the trial court ceases to possess power over the question of costs, or to determine when the appellate tribunal has fully exercised its unquestioned power, in equitable actions, upon the subject. It is quite clear that when the Court of Appeals has determined the question of costs and directed to whom they shall be awarded, if it has left nothing in this respect for the trial court, no power resides in it to add to or take away. Such court must then enter the judgment as directed and with such act its power ceases not only as to the award of costs but as to all other questions involved therein. The direction as to costs by the Court of Appeals has, in many instances, been given in the most general terms, and this has worked a necessity for judicial construction in definition of terms.

In *Franey* v. *Smith* (126 N. Y. 658) the Court of Appeals said that, "under section 3238 of the Code, this court had the power, upon the reversal of the judgment and granting a new trial, in its discretion, to provide that the costs should abide the event, or to award them absolutely to either party." When they are given to abide the event that formula always means all the costs of the action up to and including the decision of the Court of Appeals. When costs are given by such court it means the costs in that court to the successful party, and is so limited in cases where the costs are discretionary. The latter direction, therefore, is to be understood as making no attempt to control the direction as to costs already made by the court below, or to control its action in respect of such costs as as may be thereafter properly awarded. This being the rule, it would seem to follow that when the Court of Appeals makes specific direction as to costs, in cases where such costs are discretionary, the specific direction controls, and nothing is left but to follow such direction. In the present case the language of its order is " with

costs to the appellants in all courts, and to the respondents in this court." It is clear that by the use of this language the court intended to control the question of costs, not alone in that court, but in all other courts.

The award in terms embraces all courts. The direction awards to the appellants costs; it does not award such costs to each appellant, nor does it authorize a separate bill of costs to each. If such was the intent, it has not been expressed, as this language only awards one bill of costs. The order, therefore, which has awarded separate bills of costs to each appellant cannot be sustained.

So far as the extra allowance is concerned, it is evident that we must look elsewhere than in the award made by the Court of Appeals for authority to sustain it. There is nothing in the direction of that court which can by any possibility embrace it. An extra allowance is not included within the term costs; it is a sum in addition to costs. The Code (§ 3253) describes it as a "further sum." When an award of costs is made by the trial court, where such costs are discretionary, no further sum is embraced unless an order therefor is made. The Court of Appeals has certainly awarded no further sum in this case, nor has it made its award of costs in general terms. It specifically awards costs in all courts to one and costs in its court to another. The latter direction, however, does not affect the costs awarded to the respondents by the lower courts. This award remains intact. But the award as to the parties upon which it operates is a final and full determination of the subject. It was final because the judgment which it rendered was in no sense interlocutory; it is full because it determined all the issues involved, and nothing remained but the perfunctory application to the court below to make its judgment the judgment of that court. The latter court was not required to do anything except to grant the motion that the judgment might become of record. It will be difficult to find a judgment with more finality of character than this, and it falls within the definition of a final judgment. (Code Civ. Proc. § 1200; Black Judg. § 41; *Travis* v. *Waters*, 12 Johns. 500; *Jaques* v. *Methodist Episcopal Church*, 17 id. 548; *Taylor* v. *Read*, 4 Paige, 561; *Mills* v. *Hoag*, 7 id. 18.)

It was final as to costs, as it made the specific award and remained silent about an allowance, but this latter fact does not make it less

final. (*Belmont* v. *Ponvert*, 3 Robt. 693 ; cited with approval in *Webb* v. *Buckelew*, 82 N. Y. 560.; *Matter of Gall*, 40 App. Div. 114, 118.)

What in fact has been done in this case is that the Court of Appeals exercised its discretion and awarded costs, and upon filing the remittitur the Special Term has exercised its discretion upon the same subject. Did the latter court possess the power? It was held in *McGregor* v. *Buell* (33 How. Pr. [Court of Appeals] 450) that upon the return of the remittitur it was beyond the power of the court to add any new or independent direction to the judgment, even upon the question of costs. (5 Ency. of Pl. & Pr. 205.) This case, therefore, seems to settle, adversely to the respondent, the power of the court to grant the extra allowance, which has been given in this case. It is said, however, that this view is contrary to the doctrine laid down in several cases cited by the respondent. Of these, the most important is *Barnard* v. *Hall* (143 N. Y. 339). In that case the complaint was dismissed at the trial and the plaintiff appealed ; the General Term reversed the judgment and ordered a new trial. From this judgment the defendant appealed to the Court of Appeals, giving the usual stipulation. The plaintiff succeeded, and the court awarded judgment absolute against the defendant, "with costs." The Special Term upon filing the remittitur entered the judgment as directed and awarded an extra allowance. Upon appeal this award was held proper. It is clear that this case is not authority in support of the present order. In that case there had never been a judgment settling the plaintiff's right, and the Court of Appeals did not determine any question of costs except in its own court, when the judgment was entered, which for the first time established the plaintiff's right ; the application for costs and allowance was held proper. In effect the Court of Appeals remitted the question of costs, except in its own court, to the court which it directed to enter the judgment. The direction in that case in regard to costs was general, and was limited to the costs of that court ; in the present case it was specific and embraced all the courts through which the action had gone. In *Brown* v. *Farmers' Loan & Trust Co.* (24 Abb. N. C. 160) the question presented was practically the same as in the last case. (See S. C., 117 N. Y. 266, 274.) In *Parrott* v. *Sawyer* (26 Hun, 466) the action was one at law ; the direction by

the Court of Appeals was the same as in the last two cases.    I think this decision was correct, for the reason that, in that case, the statute awarded the successful party the costs of the action, and so far as the extra allowance was concerned, the Court of Appeals had no power over it.    Such power resided in the court of original jurisdiction.    (*Wolfe* v. *Van Nostrand*, 2 N. Y. 570.)

None of these cases, therefore, militate against the doctrine we have announced.    Some force may be said to attach to the fact that it is always the court of original jurisdiction which grants the extra allowance, and, therefore, that authority remains with such court to dispose of such question in all cases.    The answer to the suggestion, however, is that in equitable actions, where costs are discretionary and each court possesses discretion over the subject, the direction must be given by the appellate court to apply for the extra allowance, or the right to apply therefor will be deemed to be denied. If the respondent herein desired to save such right it was incumbent upon him to procure from the Court of Appeals a direction permitting the application to be made to the court below.    As, however, the court's action was final upon the subject, the Special Term was without power to add to it.    It is quite probable that there was basis of subject-matter upon which to predicate the extra allowance. (*Doremus* v. *Crosby*, 66 Hun, 125.)

For the reasons already assigned it is not necessary that we discuss that question.    The orders so far as appealed from should be reversed, with ten dollars costs and disbursements, and the appellant's costs taxed in accordance with this opinion.

VAN BRUNT, P. J., RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Orders so far as appealed from reversed, with ten dollars costs and disbursements, and appellant's costs taxed in accordance with opinion.