ology of the question in this regard was significant. The language of the policy on the point was plain and simple. Counsel for the defendant was not content to adopt the language of the policy in framing the question, and we think the court was led into an error. Even though the wall may not have been razed by the explosion, yet it is probable that the glass in the windows was shattered; and it may well be that the wall was cracked and weakened in consequence thereof, and that it subsequently, from the heat of the fire within the Fahys building, fell the more readily; yet, under the terms of the policy, this would not relieve the insurance company of liability, and still the jury were given to understand that it would.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

(99 App. Div. 239)

## TALCOTT v. WABASH R. CO.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. COSTS—RETAXATION—APPEAL—PRESUMPTION.

Plaintiff instituted against a carrier an action for loss of his own baggage, and joined therewith three causes of action on assigned claims. On the first trial plaintiff voluntarily suffered a nonsuit on his third and fourth causes and recovered on the other two. On appeal the judgment was reversed, and new trial granted, with costs to abide the event. He then brought a new action on the third and fourth causes, and the two actions were consolidated. On the trial the plaintiff was again nonsuited by consent as to the third and fourth causes. On defendant's motion he was nonsuited as to the first cause, and the complaint was dismissed on the merits as to the second cause. On appeal to General Term the judgment was affirmed, with costs. The Court of Appeals reversed the General Term judgment, and granted a new trial as to the first cause, and in all other respects affirmed the General Term judgment, without costs in the Court of Appeals to either party. A new trial on the first cause was had by consent, resulting in the complaint being dismissed, with costs. The defendant's costs were taxed ex parte, and entered in the judgment. On an appeal from an order denying a motion for an order to review the taxation and for an order for retaxation of costs, it appeared that after the opinion of the court on the last trial was handed down, but before the decision was filed, the defendant moved for leave to issue execution on the former judgments in its favor for costs. The motion was denied, but it did not appear whether an order was entered in accordance with the opinion denying the motion or whether the time of defendant to appeal therefrom had expired. Held, that no presumption can be indulged that the decision on the motion has become a binding adjudication to the effect that the judgment for costs had been reversed by the decision of the Court of Appeals.

2. SAME.

In the absence of the notice of appeal and the record on the former appeal, it will be presumed that the appeal to the General Term and Court of Appeals was from the entire judgment.

3. SAME.

It will also be presumed that the appeal was litigated at least as to the causes which the plaintiff litigated on the trial; and hence in so far as the judgment was affirmed it became a final judgment on the three causes of action.

**4. SAME—REVERSAL BY COURT OF APPEALS—EFFECT.**

And, as under the Code, the Court of Appeals and the General Term had power to affirm in part and reverse in part, and thus in effect to sever the causes and render two final judgments, and since remittiturs are to be strictly construed, the Court of Appeals alone having power to remedy errors therein, and the Special Term having no authority to extend them, the reversal was limited to granting a new trial in respect to plaintiff's first cause of action, without affecting the judgments so far as they related to costs.

**5. SAME—NEW TRIAL.**

And though the issue concerning the first cause of action remained for trial precisely the same as if an action on that issue alone had been brought, the taxation of costs on the new trial of that issue should be confined to the proceedings had subsequent to the reversal by the Court of Appeals.

**6. SAME—CODE—CONSTRUCTION.**

And as the decision of the Court of Appeals in effect severed the plaintiff's causes, and the question of the right to costs on the issues finally disposed of by that decision has been settled, Code Civ. Proc. § 3234, making the right to recover costs dependent on the determination of the final issue, has no application.

Appeal from Special Term, New York County.

Action by James Talcott against the Wabash Railroad Company. From an order denying a motion for an order to review the taxation and for an order for retaxation of costs, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Thomas H. Rothwell, for appellant.
Charles V. Nellany, for respondent.

LAUGHLIN, J. The action was brought against the defendant as a common carrier for the loss of personal property checked as baggage. Four causes of action were originally alleged in the complaint—the first for the loss of property checked as plaintiff's baggage, and the other three on assigned claims.

The issues were first tried at circuit, and the plaintiff voluntarily suffered a nonsuit upon the third and fourth causes of action, and recovered judgment upon the other two. On appeal this judgment was reversed, and a new trial granted, with costs to appellant to abide the event. Talcott v. Wabash Railroad Co., 66 Hun, 456, 21 N. Y. Supp. 318. The plaintiff then brought a new action on the causes of action concerning which he had been previously nonsuited. The two actions were thereafter consolidated, and the issues were referred to a referee to hear, try, and determine. Upon that trial the plaintiff was again nonsuited by consent as to the third and fourth causes of action, and upon defendant's motion he was nonsuited as to the first cause of action, and the complaint was dismissed upon the merits as to the second cause of action. Pursuant to the decision of the referee judgment was entered in favor of the defendant accordingly, and for costs, which were duly taxed. On appeal this judgment was in all respects affirmed, with costs, by the General Term, and judgment in favor of defendant for the affirmance, with costs, was duly entered. On a further appeal the Court of Appeals reversed the judgment, and granted a new trial as to the first cause of action, and in all other respects affirmed the judgment,

without costs, in the Court of Appeals to either party. Talcott v. Wabash Railroad Co., 159 N. Y. 461, 54 N. E. 1. The record before us does not contain the remittitur of the Court of Appeals or the judgment entered thereon, but the affidavits of the attorneys for the respective parties agree that they were in effect as herein stated. The new trial on the first cause of action was had by consent before the court without a jury, and resulted in a decision in favor of the defendant for the dismissal of the complaint, with costs, upon which judgment was entered on the 12th day of May, 1904, at which time the defendant's costs were taxed ex parte and entered in the judgment, and a notice of motion for retaxation thereof was duly given. After the opinion of the court on the last trial was handed down, but before the decision was filed, the defendant moved for leave to issue execution upon the former judgments in its favor for costs. This motion appears to have been denied upon the theory that the effect of the Court of Appeals decision was to vacate these judgments for costs, and that the question of the right to recover costs of those appeals was controlled by section 3234 of the Code of Civil Procedure, which made it dependent upon the determination of the final issue. It does not appear whether or not an order was entered in accordance with the opinion handed down denying the motion for leave to issue execution, or whether the time of the defendant to appeal therefrom has expired. We cannot, therefore, assume that the decision on the motion has become a binding adjudication between the parties to the effect that the judgments for costs have been reversed by the decision of the Court of Appeals. If that were the effect of the reversal by the Court of Appeals as to the one cause of action, or if the judgment upon the remittitur had been so construed in a manner to be final and binding upon both parties, the defendant would undoubtedly have the right to retax the items of costs that entered into the former judgments for costs. The taxation now of the costs of the trial and of the appeal to the General Term can only be justified upon the theory that the judgments for costs have been reversed. The defendant, instead of itemizing those costs, the same as upon the bills of costs upon which they were taxed originally, taxed the face of each judgment as one item and interest upon each as another. Counsel for the plaintiff on the retaxation objected to these items both upon the ground that there was no authority to retax the costs of the former trial or appeal, and upon the ground that, even if such costs were taxable, the taxation in lump sums and of interest was unauthorized. The defendant then filed another bill of costs, itemizing the items of cost embraced in the former judgments for costs, evidently with a view to substituting it for the original bill of costs, and gave notice of retaxation thereof on a day to which the original taxation had been adjourned. The clerk dismissed the taxation on the original bill of costs and taxed the substituted bill.

Counsel for the plaintiff contends on the provisions of the Code and on the authority of Larkin v. Steele, 25 Hun, 254, that this practice was unauthorized because the authority of the clerk in taxing and retaxing costs is statutory, and his authority on a retaxation is confined to the specific items of the bill originally filed. This contention seems to be well founded, and the better practice would have been for the defendant

to have applied to the court for leave to file the substituted bill of costs; but since the plaintiff not only appeals from the retaxation of costs as made, but asks that a retaxation thereof by the clerk in accordance with the law be directed, this irregularity in practice would not be an obstacle to affirming the retaxation as made, which, would be correct if the former judgments for costs are not still in force. We are of opinion that the judgments for costs were affirmed by the Court of Appeals, and that the defendant is at liberty to issue execution thereon, unless it is precluded from so doing by the decision on the motion for leave to vacate the judgment to which reference has been made, in which event its remedy will be to move for relief from that order or from the order we are about to direct entered herein.

Neither the notice of appeal nor the record upon the former appeal has been presented for our consideration. The fair inference is, however, that the appeal was from the entire judgment, and that it was litigated at least as to the causes of action which the plaintiff litigated upon the trial. In these circumstances it may well be that the General Term, had it understood the law as subsequently announced by the Court of Appeals, and granted a new trial as to the first cause of action, might not have awarded any costs of the appeal, inasmuch as the judgment would then have been affirmed in part and reversed in part; but under the provisions of the Code either the General Term or the Court of Appeals has authority, in an action involving several causes of action, to affirm in part and reverse in part, and in such case it is discretionary with the court whether and to whom to award costs of the appeal. The rule that in an action at law, no matter how many causes of action are involved, in the absence of a formal order of severance as authorized by the Code, there can be only one final judgment, is not without its exceptions. The authority formerly vested in the General Term, now in the Appellate Division, and in the Court of Appeals, to affirm in part and reverse in part, necessarily confers authority, in a proper case, for two final judgments.

In an action at law, such as this, involving several causes of action, all but one of which have been properly tried and decided adversely to the plaintiff, there was no occasion, in granting a new trial as to the one cause of action, concerning which error had been committed, for reversing the judgment in so far as it disposed of the other issues. In so far, therefore, as the judgment was affirmed it became a final judgment upon the three causes of action. As already observed, one or more of these three causes of action, thus properly disposed of upon the trial, was involved in the appeal. Where a judgment is affirmed in part and reversed in part, the award of costs is discretionary. Code Civ. Proc. § 3238. The court, therefore, at General Term, had it seen fit in affirming the decision as to these three causes of action, would have been justified in awarding costs to the defendant. But whether or not the costs would have been thus awarded had the General Term understood the law as subsequently announced by the Court of Appeals, the Court of Appeals was authorized, in reversing the judgment as to the one cause of action, to have, instead of affirming it in all other respects, reversed it also as to costs. It did not, however, see fit to do so. It is needless to speculate as to whether this was deliberate or was an over-

sight, for remittiturs are to be strictly construed. Hascall v. King, 54 App. Div. 441, 66 N. Y. Supp. 1112. If they are in any respect erroneous, the remedy is by an application to the Court of Appeals. The Special Term has no authority to extend them. Matter of Protestant Episcopal Public School, 86 N. Y. 396; Zapf v. Carter, 90 App. Div. 407, 86 N. Y. Supp. 175. The only respect, therefore, in which the judgments were reversed was in respect to the first cause of action, and the reversal was limited to granting a new trial thereof, and did not affect the judgments so far as they related to costs. The action was, in effect, severed by the decision of the Court of Appeals. The issue concerning the first cause of action remained for trial precisely the same as if an action upon that issue alone had been brought; but the taxation of costs upon the new trial of that issue should be confined to the proceedings had subsequent to the reversal by the Court of Appeals. Since the action has been in effect severed, as we construe the decision of the Court of Appeals, and the question of the right to costs on the issues finally disposed of by that decision has been settled, the provisions of section 3234 of the Code of Civil Procedure are not in point.

It follows, therefore, that the order should be modified by directing a retaxation of the costs, and that on such retaxation the defendant be allowed only its costs and disbursements, subsequent to the reversal by the Court of Appeals; or, in other words, the costs are to be taxed as if issue had been joined on the first cause of action on the day of such reversal, and costs prior to the joinder of issue are to be excluded, and, as thus modified, affirmed, without costs. All concur.