FULTON v. KRULL.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1912.)

1. Costs (§ 264*)—Award—Instructions.
    Where the Court of Appeals awards or disallows costs, its determination applies to that court only.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1004–1008; Dec. Dig. § 264.*]

2. Appeal and Error (§ 1207*)—Decision—Effect.
    The directions contained in a remittitur of the Court of Appeals must be strictly followed in the final judgment.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4696–4699; Dec. Dig. § 1207.*]

3. Appeal and Error (§ 1199*)—Decision—Effect—Costs.
    Where the Court of Appeals in an equitable action made no change in the allowance of costs in the court below, the subject of costs was not remitted to the Supreme Court for decision; and its action in striking an award of costs from the judgment was unauthorized.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4674–4676; Dec. Dig. § 1199.*]

Appeal from Special Term, Niagara County.

Action by Celinda A. Fulton against Fred H. Krull. From an order striking from a judgment costs awarded defendant according to the referee's report, defendant appeals. Reversed.

The action was commenced in pursuance of sections 1638–1650, inclusive, of the Code of Civil Procedure, for the purpose of determining the plaintiff's claim to certain lots and parts of lots in the city of Niagara Falls. The defendant answered, asserting title in himself founded on a tax deed, and asked for judgment establishing the validity of his title. The issues were tried and determined by a referee in favor of the defendant as to all the lots in

controversy, with costs of the action. The judgment was affirmed on appeal to the Appellate Division, with costs, 125 App. Div. 901, 111 N. Y. Supp. 111. An appeal was taken to the Court of Appeals, which modified the judgment, affirming it without costs as to 16 lots described in the findings of the referee and reversing the judgment, without costs, so far as it related to parts of three lots described in said findings (Fulton v. Krull, 200 N. Y. 105, 112, 93 N. E. 494); and judgment was directed in favor of the plaintiff, adjudging that the defendant and those claiming under him "be barred from all claims to an estate, interest or easement in said last described premises." Upon the filing of the remittitur the judgment of the Court of Appeals was made the judgment of the Supreme Court, and judgment upon and in conformity to the remittitur was duly entered upon the application of the attorney for the plaintiff. A motion was made to the Special Term in her behalf for an order vacating the judgment on the report of the referee awarding costs to the defendant, and also vacating the judgment of the Appellate Division affirming such judgment with costs, and also that she be awarded her costs against the defendant to be taxed. The order of the Special Term strikes from the judgment on the report of the referee the costs awarded, and provides that "neither party have costs of this action in this court," and denies the motion to vacate the judgment of the Appellate Division awarding costs, with leave to apply to that court for the relief asked for.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

David Tice, of Lockport, for appellant.

A. G. Striker, of Buffalo, for respondent.

SPRING, J. The controversy arises over the meaning of the Court of Appeals as expressed in its remittitur in modifying the judgment without costs.

[1] The rule seems to be well established that where the Court of Appeals in its discretion, as in this case (section 3238, subdivision 2, Code of Civil Procedure), awards or disallows costs, its determination of the subject applies to that court only. Matter of Petition of Prot. E. Pub. School, 86 N. Y. 396; Sturgis et al. v. Spofford, 58 N. Y. 103; Matter of Application of Water Com'rs of Amsterdam to Acquire Title, etc., 104 N. Y. 677, 10 N. E. 545; Stevens v. Central Nat. Bank, 168 N. Y. 560, 61 N. E. 904; Law of Costs (Milliman) § 390.

[2] The remittitur of the Court of Appeals is its mandate to the court to which it is returned, and the directions contained in it must be strictly followed in the final judgment which is to make the decision effective. Matter of Petition of Prot. E. Pub. School, 86 N. Y. 396, 398 et seq., supra; Hascall v. King, 54 App. Div. 441, 446, 66 N. Y. Supp. 1112; McGregor v. Buell, 33 How. Prac. 450, 454 et seq.

[3] It is the claim of the respondent that, inasmuch as the action was an equitable one and the disposition of costs in the discretion of the court, that subject was remitted to the court of original jurisdiction for decision upon filing the remittitur.

In the first place, the discretion was also vested in the Court of Appeals, and it exercised its authority. It saw fit to limit the disallowance of costs to that court. Had it intended to determine that the costs contained in the judgments of the courts below were to be stricken out, we should expect to find that intention expressed in the

decision in order to overcome the presumption that its determination of this subject only applied to costs in the Court of Appeals.

In the second place, there was nothing in the substance of the action upon which the Supreme Court could or did exercise any discretion. The Court of Appeals wholly embraced in its decision the extent of the modification which was to be made, and the entry of judgment on the remittitur was a formal, perfunctory act, putting into the judgment the exact determination of the decision as embodied in the return. There was nothing left for the court at Special Term to try or pass upon. If it was to pass upon the question of costs, the subject-matter of the action should in some of its aspects, at least, have been remitted to it to try and determine in order that it might be cognizant of the relative rights of the parties.

In the third place, the court at Special Term apparently did not exercise its discretion. The recitals in the order seem to indicate it construed the decision of the Court of Appeals as determining the costs in the Supreme Court. The order does not purport to be based upon the judgment of the court at Special Term in determining the rights of the parties as an independent matter within its discretion.

The counsel for the respondent places much reliance upon the case of Barnard v. Hall et al., 143 N. Y. 339, 38 N. E. 301, in support of her claim that the adjustment of costs was relegated to the Special Term by the decision of the Court of Appeals affirming with costs the judgment of reversal by the General Term. That action was commenced to reform a trust deed executed by the plaintiff, and also to establish her right to annul the disposition of her property made in the trust conveyance, and for a delivery to her of certain bonds in the custody of the defendant trustees, and for an accounting and for other relief. Judgment was entered on the report of the referee dismissing the complaint, which was reversed on questions of fact and a new trial ordered by the General Term. On appeal to the Court of Appeals the usual stipulation was given. The judgment of the General Term was affirmed, with costs, and judgment absolute was ordered on the stipulation. Barnard v. Gantz, 140 N. Y. 249, 35 N. E. 430. While the judgment was absolute, a rehearing was necessary to give effect to the judgment of the General Term ordering a new trial on the facts. The matter was brought on at Special Term held by then Justice Cullen, who awarded to the plaintiff the specific relief asked for in the complaint. Two instruments set out in the complaint were revoked, and two of the defendants were ordered to deliver to the plaintiff certain mortgage bonds aggregating in amount $33,000, and to account and pay over to the plaintiff the income thereon, and the costs of the action, with an extra allowance, were awarded to the plaintiff. The Court of Appeals in reviewing the order allowing costs of the action and the extra allowance held that the court at Special Term acted within its discretion.

We think the authority is not pertinent. Hascall v. King, 54 App. Div. 441, 446, 66 N. Y. Supp. 1112. The judgment absolute on the stipulation entitled the plaintiff to the relief demanded in the complaint, but it was essential to fix those rights by a judgment of the

Supreme Court, and the affirmance of the judgment of the General Term recognized this necessity. The judgment absolute of itself was not the final judgment, and the re-entry of a formal judgment by the Special Term conforming to the recitals set out in the remittitur and ordering an affirmance of the judgment of the General Term would have been ineffective. Accordingly the decision of the Supreme Court made conformably to the allegations of the complaint was rendered, constituting the final judgment. The Court at Special Term was required to determine what judgment should be rendered upon the allegations of the complaint, which, by virtue of the judgment absolute, must stand admitted. The court heard the new trial as ordered by the General Term, and as an incident to its decision passed upon the question of costs.

In Hogan v. Kavanaugh, 139 N. Y. 620, 34 N. E. 1046, which was a motion for reargument, and which is cited by the respondent, the subject of costs was considered by the court. On the appeal from the judgment, the Court of Appeals (138 N. Y. 417, 34 N. E. 292), modified the judgment and directed that certain real estate be sold for the payment of legacies, subject, however, to the rights of creditors of the decedent, and whose claims must be determined before there could be any distribution of the avails of the sale. Nothing was said in the judgment of the Court of Appeals on the subject of costs. The action was an equity action, and a reconsideration of the rights of the parties, in the light of the opinion, was necessary. On the reargument, the Court of Appeals stated that the subject of costs was in the discretion of the court below. The plain distinction, it seems to us, is in that case the subject-matter of the rights of the parties was remitted to the court below to be determined in some of its features at least. In the present case there was nothing left for the exercise of the discretion of the court at Special Term. The Court of Appeals affirmed in part and reversed in part, specifying exactly the relief awarded.

It is not profitable to consider the equities of the parties in order to aid in arriving at the intention of the Court of Appeals in its disposition of the subject of costs. If there is any uncertainty as to the effect of the language employed, or if there has been any oversight or inadvertence in its decision, the remedy is lodged exclusively with that court, for its remittitur must be strictly construed.

The order should be reversed.

Order reversed, with $10 costs and disbursements in this court; and motion denied, with $10 costs. All concur.