in the office of the clerk of the county of New York on the 15th day of May, 1894, sustaining the defendant's demurrer to the complaint.

*V. W. Kingsley*, for the appellant..

*Geo. E. Mott*, for the respondent.

---

In the Matter of the Application of THE MANHATTAN RAILWAY COMPANY, Respondent, *v.* SARAH E. YOUMANS and Others, Appellants, Impleaded with MARY C. PLUNKET and Others.

*Taxation of costs awarded by the court — remedy where the award is improper.*

Where the costs of an action have been awarded by the court there is no power, upon a taxation of costs, to review and reverse the judgment. If the parties are of the opinion that, because of a stipulation, they should not be charged with costs, their only remedy is either by a motion to correct the judgment and an appeal from the order denying such motion if it is denied, or by an appeal from the judgment; so long as the judgment stands, directing the taxation of costs, under which the taxing officer acts, there is no power to review such action of the taxing officer and set it aside because of a fact which could in no respect have affected his action.

APPEAL by the defendants, Sarah E. Youmans, Emma L. Jacquelin and Emma J. Balen, from an order of the Supreme Court, made in the above-entitled special proceeding and entered in the office of the clerk of the county of New York on the 14th day of June, 1894, denying their motion for a retaxation of costs.

---

\* See *Sheffield* v. *Murray, Impleaded, etc.* (80 Hun, 555).

*H. H. Forster*, for the appellants.

*Wm. H. Golden*, for the respondent.

Per Curiam:

The judgment entered in this action appointing the commissioners, having adjudged that the plaintiff was entitled to recover the costs of the trial to be taxed by the clerk, left no discretion in the clerk as to whether costs were properly allowable or not. Costs having been awarded by the court, there is no power to review and reverse this judgment upon a taxation of costs. If the parties are of the opinion that because of the stipulation they should not be charged with costs, their only remedy is either a motion to correct the judgment and an appeal from the order denying such motion if it is denied, or by an appeal from the judgment. As long as the judgment stands, directing the taxation of costs under which the taxing officer acts, there seems to be no power to review such action and set it aside because of a reason which could in no respect have affected his action.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Order affirmed, with ten dollars costs and disbursements.