### LYMAN v. YOUNG MEN'S COSMOPOLITAN CLUB et al.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

1. COSTS—TAXATION.
    The evidence consisting of the usual affidavit attached to the bill of costs is not disproved, so that the costs should not be taxed, by objection of defendant that like mileage for the same witnesses had been taxed by plaintiff in another action.

2. SAME—RETAXATION.
    Motion for retaxation of costs must be made and heard on the same papers used before the clerk, so that though plaintiff, on his motion for retaxation, may, by affidavit, show what took place before the clerk, defendant's objection there having been oral, defendant cannot, by reason thereof, present an affidavit touching the merits.

Appeal from special term, New York county.

Action by Henry H. Lyman, state commissioner of excise of the state of New York, against the Young Men's Cosmopolitan Club and another. From an order denying plaintiff's motion for a retaxation of costs, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Royal R. Scott, for appellant.
Charles L. Kingsley, for respondent.

McLAUGHLIN, J. This action was brought to recover upon a liquor tax bond, given by the defendant club as principal, with the defendant fidelity and deposit company as surety. Three other actions upon similar bonds were commenced by the plaintiff against other defendants, and the four appeared upon the day calendar for trial at the same time. In each action the plaintiff recovered a judgment, and he thereafter served in each a bill of costs verified in the usual form as to disbursements, together with a notice of taxa-

tion. The taxation of costs in each action was noticed at the same hour before the same taxing officer. When the taxation of costs in this action was taken up, the defendant fidelity and deposit company objected to the clerk's taxing the mileage of certain witnesses, upon the ground that "it was not proper to tax more than one mileage for each witness; and, inasmuch as the four bills of costs were before the clerk for taxation at the same hour, the clerk should look at the bills of costs, and strike therefrom the names of any witnesses whose mileage had already been taxed in any one of the former causes." The objection was sustained, the clerk refusing to tax the mileage of seven witnesses, amounting in the aggregate to $162.16. The plaintiff excepted to this ruling, and thereafter applied to the special term for an order directing a retaxation. The application was denied, and the plaintiff appealed. Upon the papers before the clerk, the plaintiff was clearly entitled to have the items which were disallowed taxed. The affidavit attached to the bill of costs was the usual one. It stated that the disbursements had been made or incurred in the action; that "each of the persons above named as witnesses attended as such witness on the trial of said action the number of days set opposite their names; that each of said persons resided the number of miles set opposite their names from the place of said trial; and each of said persons, as such witness as aforesaid, necessarily traveled the number of miles so set opposite their names, in traveling to, and the same distance in returning from, the said place of trial." No objection was made as to the sufficiency of the affidavit, and the facts therein stated were not contradicted in any way. Indeed, this was the only evidence before the clerk, and it was prima facie sufficient to entitle the plaintiff to have the items taxed. The defendant contented itself in making an oral objection that the same mileage fees had been taxed and allowed to the plaintiff in another action. But what of it? If, in some other action, the plaintiff had taxed similar items, it was presumably because he was entitled to them; and that fact of itself did not disprove the evidence then before the clerk, showing that he was entitled to the items sought to be taxed here. If there was any reason why the plaintiff was not entitled to tax the mileage of the witnesses referred to, it was incumbent upon the defendant to present legal evidence of that fact to the clerk, in order that he might judicially pass upon and determine the question. This the defendant, however, did not do; and all the evidence that there was before the clerk was the affidavit of the plaintiff's attorney, and this, as we have seen, necessarily required the clerk to tax the items objected to.

A motion for a retaxation of costs must be made to and heard by the special term on the same papers used before the clerk. It is improper to use any other papers, except so far as they may be necessary to show the clerk's action. This is so for the reason that the motion for retaxation is in the nature of an appeal from the action of the clerk. The objection made by the defendant being oral, it was proper for the plaintiff, upon his motion for a retaxation, to show by affidavit just what took place before the clerk; but this did not involve the merits of the clerk's action, and it did not entitle

the defendant to present an affidavit touching the merits. It appears, however, from the record before us, that, after the motion had been heard, and without any notice to the plaintiff, an affidavit made by the defendant's attorney was presented to and considered by the special term, which in some respect involved the merits of the clerk's ruling. This was clearly irregular. The defendant was not entitled to use such an affidavit, and certainly not without the consent of the plaintiff after the motion had been argued; and the special term ought not to have then received or considered it.

Upon the papers presented, the plaintiff was entitled to have taxed the items which were disallowed; and it therefore follows that the motion for a retaxation should have been granted. We are, however, of the opinion that the defendant should have an opportunity to be heard upon the merits; and therefore the order of the special term should be reversed, and a new taxation directed before the clerk, with leave to either party to use, upon such new taxation, such additional affidavits or papers as may be necessary and proper.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.