## CAMPBELL v. HALLIHAN.

(Supreme Court, Appellate Term. February 28, 1905.)

1. INTERLOCUTORY JUDGMENTS—APPEAL—COSTS—STATUTES.

Code Civ. Proc. § 3251, subd. 4, as amended by Laws 1902, p. 1233, c. 515, provides that on an appeal to the Supreme Court from an inferior court, except an appeal to the Supreme Court from the New York City Court, or to the Appellate Division or to the Supreme Court from the New York City Court, taken from an interlocutory or final judgment rendered or made at a trial term of the Supreme Court or of the New York City Court, either party shall be entitled to $20 before argument, provided that in appeals under section 3189 the successful party shall not receive to exceed $10 and taxable disbursements. Section 3188 authorizes an appeal to the Supreme Court from a "final or interlocutory judgment" of the New York City Court, where an appeal might be taken to the Appellate Division from a final or interlocutory judgment of the Supreme Court, authorized by sections 1346, 1349; and section 3189 authorizes

an appeal to the Supreme Court "from an interlocutory judgment rendered" or an order made at chambers or at a Special or Trial Term of said City Court, or from an order made by a judge thereof out of court, where an appeal might be taken to the Appellate Division from an interlocutory judgment rendered or an order made as prescribed by sections 1347, 1348, and 1349. Section 1346 relates exclusively to appeals from final judgments, section 1347 to court orders, section 1348 to orders made by the judge, and section 1349 to interlocutory judgments exclusively. *Held*, that the insertion of appeals from interlocutory judgments under section 1349 in section 3189 was an inadvertence, so that an appeal from an interlocutory judgment of the New York City Court overruling a demurrer to the complaint was properly taken under section 3188, and hence the successful party was entitled to $60 costs, under section 3251, subd. 4.

2. SAME—CONSTRUCTION.

Code Civ. Proc. § 3251, subd. 4, provides that on appeal to the Supreme Court from an inferior court, excepting certain appeals from the City Court of New York taken from an interlocutory or final judgment rendered or made at a Trial Term, the successful party shall be entitled to $20 before argument and $40 for argument. *Held*, that the words "Trial Term" in such section were intended as the equivalent of the former language "in the same court or in a circuit court" in the section prior to the consolidation of the judicial system in 1896, declaring that on an appeal to the Supreme Court from an inferior court, or to the General Term, or from a Superior City Court, or of the New York Marine Court, taken from an interlocutory or final judgment, or from an order granting or refusing a new trial, rendered or made "in the same court or in a Circuit Court," or on appeal, etc., the successful party should be entitled, etc., so that the application of the section was not limited to appeals from interlocutory judgments in actions at law.

Appeal from City Court of New York, Special Term.

Action by James A. Campbell against William Hallihan. From a City Court order allowing a retaxation of costs, plaintiff appeals. Affirmed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

James A. Allen, for appellant.
Joseph Rowan, for respondent.

GIEGERICH, J. The defendant appealed to this court from an interlocutory judgment of the City Court of the City of New York overruling his demurrer to the complaint. This court reversed that judgment, with costs of the appeal and in the court below to the appellant. When it came to taxing costs in the court below, the items of $20 for costs of the appeal to the Appellate Term before argument and $40 for such costs on the argument were disallowed by the clerk, and $10 allowed in place thereof. On a motion for retaxation the court below allowed both of said items. From that order this appeal has been taken.

The recent amendments to the Code have somewhat obscured the question in issue. Section 3251, subd. 4, provides for costs at the following rates:

"(4) To either party upon an appeal to the Supreme Court, from an inferior court; excepting upon an appeal to the Supreme Court from the City Court of the City of New York; or upon an appeal to the Appellate Division of the Supreme Court or to the Supreme Court from the City Court of the City of New York, taken from an interlocutory or final judgment, or from an order

granting or refusing a new trial, rendered or made at a trial term of the Supreme Court or of the City Court of the City of New York: * * * Before argument, twenty dollars. For argument, forty dollars. * * * In all appeals taken under section 3189 costs awarded to the successful party shall not exceed ten dollars in addition to the taxable disbursements."

The specific point in issue is whether the appeal in question was taken under section 3188 or section 3189 of the Code of Civil Procedure. Those sections, as they stand at present, after the amendments made by chapter 515, p. 1231, of the Laws of 1902, which abrogated the former General Term of the City Court, and provided that appeals from that court should be taken directly to the Supreme Court, are as follows:

"Sec. 3188. Appeal from a judgment. An appeal to the Supreme Court may be taken from a final or interlocutory judgment rendered in the City Court of the City of New York in a case where an appeal may be taken to the Appellate Division of the Supreme Court from a final or interlocutory judgment rendered in the Supreme Court as prescribed in section thirteen hundred and forty six and section thirteen hundred and forty nine of this act.

"Sec. 3189. Idem, from an order. An appeal to the Supreme Court may also be taken from an interlocutory judgment rendered, or an order made at chambers or at a Special Term or a Trial Term of said City Court, or from an order made by a judge thereof out of court, in a case where an appeal may be taken to the Appellate Division of the Supreme Court from an interlocutory judgment rendered, or an order made, in like manner, as prescribed in sections thirteen hundred and forty seven, thirteen hundred and forty eight, thirteen hundred and forty nine of this act. Upon such an appeal the Supreme Court shall have full power to review any exercise of discretion by the court or judge below."

The original form of the above sections was as follows:

"Sec. 3188. An appeal, to the General Term of the court, may be taken from a final judgment rendered therein, in a case where an appeal may be taken to the General Term of the Supreme Court, from a final judgment rendered therein, as prescribed in section one thousand three hundred and forty six of this act.

"Sec. 3189. An appeal, to the General Term of the court may also be taken from an interlocutory judgment rendered, or an order made, as a Special Term or a Trial Term thereof, or an order made by a justice thereof, out of court, in a case, where an appeal may be taken, to the General Term of the Supreme Court, from an interlocutory judgment rendered or an order made, in like manner, as prescribed in sections one thousand three hundred and forty seven, one thousand three hundred and forty eight and one thousand three hundred and forty nine of this act."

A comparison of the sections before amendment and after will show, in addition to the alterations necessary to conferring appellate power upon the Supreme Court instead of the former General Term of the City Court, another change was made by introducing in section 3188 a reference to section 1349, and also the words "interlocutory judgment."

Turning now to sections 1346, 1347, 1348, and 1349, it is found that section 1346 relates to appeals from final judgments; section 1347 relates to court orders; section 1348 relates to orders made by a judge; and, finally, that section 1349 relates to interlocutory judgments. Under the original form of sections 3188 and 3189, there was a distinction drawn between (1) final judgments (section 1346), and (2) court orders (section 1347) made by a judge (section 1348), and interlocutory judgments (section 1249); section 3188 embracing the first, and section 3189

the second.   The amendment of 1902 on its face introduces confusion by embracing interlocutory judgments in the former section without omitting them from the latter; but our opinion is that failure to make such omission from the latter section was an inadvertence, and that the intention of the Legislature, as evinced by the affirmative act of introducing a reference to section 1349 (interlocutory judgment) into section 3188 was to omit the reference to that section (1349) and those words from section 3189.   At any rate, we think that the established practice of allowing on appeals from demurrers $20 before notice of argument and $40 for argument, which has long obtained in the Supreme Court (Van Gelder v. Van Gelder, 13 Hun, 118; Wright v. Flemming, 18 Hun, 360), as well as in the City Court (Thompson v. Schieffelin, N. Y. Daily Register, Dec. 28, 1883, City Court Special Term), should not be held to have been departed from except by legislative language of plain import.

There is one other point which, perhaps, ought to be adverted to, and that is the use of the words "Trial Term" in subdivision 4 of section 3251, above quoted.   That subdivision, taken liberally, would be limited in its application to final and interlocutory judgments rendered at Trial Term, and leave no measure provided anywhere for the amount of costs on appeal from either final or interlocutory judgments rendered at a special or equity term.   It is obvious, however, that the word "trial" was used in the broad sense, and that the subdivision was meant to embrace judgments both interlocutory and final, whether rendered on the law or equity side of the court.   A reference to this subdivision as it existed prior to the consolidation of and alterations in our judicial system made by the last Constitution, and which went into effect January 1, 1896, shows plainly that the word "trial" was used in the broad sense above referred to.   The subdivision in question (subdivision 4 of section 3251) prior to said consolidation read as follows:

"(4) To either party, upon an appeal to the Supreme Court, from an inferior court; or upon an appeal to the General Term of the Supreme Court, or of a Superior City Court, or of the Marine Court of the City of New York, taken from an interlocutory or final judgment, or from an order granting or refusing a new trial, rendered or made in the same court, or in a Circuit Court; or upon an appeal to the Court of Common Pleas· for the City and County of New York, from the Marine Court of that city; or upon an application to a General Term for a new trial, or for judgment upon the verdict, rendered subject to the opinion of the court, or where exceptions are ordered to be heard, in the first instance, at the General Term.   Before argument, twenty dollars. For argument forty dollars.   For one General Term of the Marine Court of the City of New York, at which the cause is necessarily on the calendar; and for each General Term not exceeding five of the Supreme Court, or of a Superior City Court, at which the cause is necessarily on the calendar, excluding the term at which it is argued, or otherwise finally disposed of; ten dollars."

It is thus seen that instead of the present expression "Trial Term" there was used the expression "in the same court in a Circuit Court." Now, the "same court" meant in the Supreme Court, as distinguished from the Circuit Court, which formerly were enumerated and classified in the Code of Civil Procedure (section 2 thereof) as distinct courts. Under the present enumeration and classification there is simply a Supreme Court and no Circuit Court.   It is manifest, therefore, that the word "trial," as at present used in the subdivision referred to, is in-

tended to be the equivalent of the former language "in the same court or in a Circuit Court"; otherwise, as above pointed out, there would be no measure provided anywhere for the amount of costs on appeal either for an interlocutory or a final judgment in equity, although the Code still provides for awarding costs on appeal from such judgments, both final (section 3238, subd. 2) and interlocutory (section 3239); which latter sections, without the construction we have given to the language of section 3251, would provide for a right to costs without making any provision anywhere else in the Code for the amount thereof. Our conclusion is that the appeal in question was one taken not under section 3189, but under section 3188, and that the order appealed from was right in allowing the items in question.

Order affirmed, with $10 costs and disbursements. All concur.