·(53 Misc. Rep. 262)

### HILL et al. v. MULLER et al.

(Supreme Court, Appellate Term. March 14, 1907.)

**1. ACTION—STAY OF PROCEEDINGS—WAIVER.**

A stay obtained by defendant, pending a motion made by him in the Appellate Division for leave to appeal, was waived by defendant's noticing the case for argument.

**2. COSTS—TAXATION ON APPEAL—OBJECTIONS.**

An objection to costs taxed pursuant to an order of the appellate court, on the ground that plaintiffs are not entitled thereto because they served no notice of argument of the appeal and neither argued said appeal orally nor submitted any brief, can only be made to the appellate court on motion for resettlement of the order, as the clerk of the lower court has no authority to refuse to tax the costs as directed by such order.

**.3. SAME—RIGHT TO COSTS—INTERLOCUTORY JUDGMENT.**

When, upon the entry of an interlocutory judgment, the defeated party is allowed to plead over on payment of costs, the successful party is entitled to tax costs after notice and before trial, and a trial fee and disbursements, but an item of "costs before notice of trial" cannot be allowed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 591.]

**·4. SAME—ON APPEAL—MOTION FOR REARGUMENT.**

Where "motion costs" were imposed on a motion for a reargument on appeal, they formed no part of the costs referred to in the order affirming the judgment below, and the taxation of the same by the lower court was unauthorized.

**5. SAME—TAXATION—TIME—COSTS ON DEMURRER.**

Costs on demurrer, which were or should have been taxed on the entry of the interlocutory judgment in the court below, are not properly taxable under an order of the Appellate Term granting appellant leave to plead over within a specified time on payment of the costs in this court and the court below.

**·6. SAME—SERVICE OF PROCESS—EXPENSES.**

Costs for service of summons and complaint are taxable only upon entry of the final judgment.

**7. SAME—ON APPEAL—ARGUMENT.**

On affirmance of an interlocutory judgment on a demurrer, the successful party is entitled to taxation of $40 for argument on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 956.]

Appeal from City Court of New York, Special Term.

Action by Hugh Hill and another against Charles Muller and another. From an order denying defendant's motion to retax costs, he appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

John Oscar Ball, for appellant.

Chester A. Bayles, for respondents.

HENDRICK, J. This is an appeal from an order denying defendants' motion to retax the costs upon an appeal taken from a judgment of the City Court overruling the defendants' demurrer, which judgment was affirmed by the Appellate Term. The order of the Appellate Term affirmed the judgment of the City Court, and granted leave to the defendant to withdraw his demurrer and plead over within six days upon payment of the costs "in this court and the court below." Thereupon the plaintiff served a bill of costs and gave notice of taxation thereof. Upon such taxation the defendant appeared and objected to several of the items, some of which were allowed and some disallowed. Subsequently the defendant moved for a retaxation, and upon such motion asked to have disallowed the following items:

| | |
|---|---:|
| Costs before notice of trial. | $25 |
| Motion costs. | 10 |
| Costs on demurrer. | 20 |
| Costs on affirmance. | 40 |
| Serving summons and complaint. | 2 |

The defendant's objections to the taxation of the foregoing items are, first, that the plaintiff is stayed by an order entered on September 25, 1906, which awarded the defendant $10 costs against the plaintiff, which costs the defendant avers have never been paid. The order of the Appellate Term was made on November 14, 1906. The case appeared upon the October, 1906, calendar, and was noticed for argument by the defendant. By thus serving a notice of argument he waived any stay then existing. Reeder v. Lockwood, 30 Misc. Rep. 532, 62 N. Y. Supp. 713.

The defendant also objects to such taxation of costs upon the ground that the plaintiffs are not entitled thereto, for the reason that they served no notice of argument of the appeal, and did not argue said appeal orally or submit any brief thereon. This objection could only apply to the costs of such appeal, and the defendant's objection to the allowance of costs upon appeal should have been made to the Appellate Term on a motion for resettlement of the order. The clerk of the City Court was required to carry out the order of the Appellate Term, and had no authority to refuse to tax the costs as directed by such order.

The item of "costs before notice of trial, $25," was improperly allowed. When, upon the entry of an interlocutory judgment, a defeated party is allowed to plead over upon the payment of costs, the successful party is entitled to tax costs after notice and before trial, and a trial fee and disbursements. Garrett v. Wood, 61 App. Div. 294, 70 N. Y. Supp. 359.

"Motion costs, $10," is also an improper item. They were costs subsequently imposed upon a motion made for a reargument, and form no part of the costs referred to in the order affirming the judgment.

The item of "costs on demurrer, $20," evidently refers to the costs which were or should have been taxed on the entry of the interlocutory

judgment in the court below, and therefore are not properly taxable now.

Costs of $2, for serving summons and complaint, are taxable upon entry of the final judgment, and are not properly taxable under the order, and should have been disallowed.

The item of $40 on affirmance was evidently intended to be $40 for argument on appeal, and may be so considered, and the plaintiff had the right to tax that item (Campbell v. Hallihan, 46 Misc. Rep. 409, 92 N. Y. Supp. 413), under the order of the Appellate Term.

The order taxing the costs in the court below is modified, by striking therefrom the following items: Costs before notice of trial, $25; motion costs, $10; costs on demurrer, $20; serving summons and complaint, $2—and allowing the other items objected to, and, as modified, affirmed, without costs of this appeal to either party. All concur.