(54 Misc. 574)

### LA ROSA et al. v. WILNER et al.

(Supreme Court, Appellate Term. June 6, 1907.)

1. COSTS ON APPEAL—STATUTES.

Code Civ. Proc. § 3228, subd. 5, declaring that in actions brought in a City Court, which could have been brought, except for the amount claimed, in the Municipal Court, and in which the defendant shall have been personally served with process within the city of New York, the plaintiff shall recover no costs or disbursements, unless he recover $250 or more, has no application to costs given a prevailing party on appeal, as expressly provided by section 3237.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 869–876.]

**2. SAME.**

Where an order of the Appellate Term reversing a judgment granted appellants costs to abide the event, appellants, having succeeded on a retrial, were entitled to the costs on appeal, unless otherwise ordered on application made to the Appellate Term.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 869–876.]

**3. SAME—TAXATION—DUTY OF CLERK.**

Code Civ. Proc. § 3266, requires the clerk, when taxing costs, whether the taxation be opposed or not, to examine the bills presented to him for taxation and satisfy himself that all the items allowed by him are correct and legal. *Held*, that the clerk, having once taxed the costs, has no authority on his own initiative to strike any item from the bill.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 792, 793, 808.]

**4. SAME—RETAXATION—IMPROPER ITEMS—CREDIT.**

Where items are disallowed on retaxation of costs, the amount so disallowed cannot be stricken from the bill, but must be credited on the execution, as expressly provided by Code Civ. Proc. § 3264.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 824.]

**5. SAME—REVIEW OF TAXATION.**

Where defendants made no objection to any items of costs before the taxing officer, they could not obtain relief on a motion for review of taxation or retaxation, under section 3265, Code Civ. Proc., limiting such motions to items objected to before such officer.

**6. SAME—REVIEW—PAPERS.**

On a motion to review a taxation of costs before the Special Term, only such papers can be used as were used before the clerk.

**7. SAME—SEPARATE CAUSES OF ACTION.**

Code Civ. Proc. § 3234, provides that in an action specified in section 3228, where the complaint contains two or more separate causes of action on which issues of fact are joined, if plaintiff recovers on one or more of the issues and the defendant on the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same on each issue, in which case the plaintiff only is entitled to costs; the only exception being that specified in section 3228, subd. 4, providing that, unless a party recovers $50, no costs shall be granted. *Held*, that where two causes of action were set forth separately, and plaintiffs recovered more than $50 on one, the issue on the other being determined in defendants' favor, plaintiffs were entitled to recover all the costs in the action.

Appeal from City Court of New York, Special Term.

Action by Joseph La Rosa and another against Samuel Wilner and another. From an order of the City Court setting aside an entire taxation of costs in favor of plaintiffs, and from an order denying plaintiffs' motion to reinstate the taxation as originally made by the clerk, they appeal. Order reversed, and motion granted.

See 101 N. Y. Supp. 193.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Abraham Oberstein, for appellants.

Jacob Rieger, for respondents.

GILDERSLEEVE, P. J. These appeals are from two orders, made at Special Term of the City Court, one of which orders sets aside an entire taxation of costs in favor of the plaintiffs herein, and the other denies a motion made by the plaintiffs to reinstate the taxation of costs

as originally made by the clerk of that court. The history of the case prior to the taxation of costs is substantially as follows: The action was begun after the passage of subdivision 5 of section 3228 of the Code of Civil Procedure, which declares that in actions hereafter brought in the City Court, which could have been brought, except for the amount claimed therein, in the Municipal Court, and in which the defendant shall have been personally served with process within the city of New York, the plaintiff shall recover no costs or disbursements, unless he shall recover $250 or more. The complaint sets forth two separate and distinct causes of action, each for the breach of a contract. The claim in the first cause of action was for $675 damages, and in the second cause of action for $200 damages. The action has been tried twice. Upon the first trial the defendants recovered a judgment, which upon appeal to this court was reversed, "with costs to the appellants to abide the event." Upon neither trial did the defendants contest the amount of the damage claimed, and it was substantially conceded upon both trials that, if the plaintiffs were entitled to recover upon either contract, they were entitled to the sum of $675 upon the first cause of action and the sum of $200 upon the second cause of action. The defense was a denial of the breach of the contract by the defendants, a claim of a breach of the contract by the plaintiffs, and a counterclaim for such breach amounting to $473.

The only question litigated upon the trial was as to which party had broken the contract. Upon the second trial the plaintiffs recovered a judgment for $200. A bill of costs was thereupon made out in their favor, including the costs and disbursements of both trials and the costs of the appeal, and presented to the clerk of the City Court for taxation, who thereupon taxed and allowed them at the full amount of the bill presented. These costs were taxed under the provisions of section 3264 of the Code, and notice of retaxation immediately served upon the defendants, in pursuance of the requirements of said section. Upon the retaxation, although there is nothing in the record showing that the defendants appeared before the clerk, or made any objection to the amount of costs theretofore taxed, the clerk upon his own motion, and over the objection and exception of the plaintiffs' counsel, who filed an affidavit in opposition, reduced the amount theretofore taxed by the sum of $105. That the only objection to this taxation was made by the plaintiff appears affirmatively in the record. The costs thus eliminated from the bill of costs by the clerk were $15 before notice of trial; costs after notice of two trials, $30; and two trial fees of an issue of fact, $60. The plaintiffs thereupon made a motion, at a Special Term of the City Court, for an order reinstating the costs stricken from the bill, and the defendants made a motion "for a review of the taxation and retaxation of the costs, as taxed by the clerk of this court in the above-entitled action, upon the judgment rendered herein by the plaintiffs against the defendants, and that the said costs be retaxed by this court, and for an order directing the disallowance of any costs whatever to the plaintiffs herein for a modification or reduction of the judgment in accordance with the decision of the court upon this motion." Upon the hearing

of these motions the Special Term denied the plaintiffs' motion and granted the defendants' motion, and ordered that the plaintiffs "recover no costs in the above action, either in the action or the appeal heretofore taken by the plaintiffs, and that the judgment be modified and directed accordingly."

There can be no question but that under the undisputed facts in this case the plaintiffs were entitled to the costs of the appeal to this court from the judgment obtained against them by the defendants. Subdivision 5 of section 3228, supra, has no application whatever to the costs given a prevailing party upon appeal. The order of this court granted the appellants costs to abide the event; and, having succeeded in the lower court, they were entitled to those costs, unless such costs were otherwise ordered upon application made to this court. Hill v. Muller, 103 N. Y. Supp. 96, 53 Misc. Rep. 262. Moreover, by section 3237 of the Code of Civil Procedure it is expressly declared that the "foregoing sections of this article," among which sections is section 3228, "do not affect the recovery of costs upon appeal." That being so, the question then arises as to the right of the plaintiffs to tax the remaining portion of their bill of costs.

There are two reasons why the orders herein must be reversed, and the plaintiffs allowed their full bill of costs. Section 3266 of the Code of Civil Procedure makes it the duty of the clerk, when taxing costs, whether the taxation be opposed or not, to examine the bills presented to him for taxation and satisfy himself that all the items allowed by him are correct and legal. Having done that duty, and taxed the costs, he has thereafter no authority, on his own initiative, to strike any item from the bill. The amount as adjusted by him is entered in the judgment and remains unaltered. Manhattan Ry. Co. v. Youmans, 30 N. Y. Supp. 566, 81 Hun, 82. If on a retaxation upon objection made, or if upon a review of the taxation or retaxation by the court, items are disallowed, the amounts thereof are credited upon the execution. Section 3264, Code Civ. Proc. It, therefore, not appearing that the plaintiffs' right to the costs as taxed by the clerk was questioned, or that any of the items were objected to by the defendants upon the retaxation, had upon due notice to them, it was error for the clerk to strike from the bill as taxed any item of costs.

A motion for a review of the retaxation is of no avail to the defendants, as by the provisions of section 3265 of the Code of Civil Procedure, upon a review of a taxation or a retaxation, only such items may be disallowed as are "objected to before the taxing officer"; and as no objection to any item was made before such officer in this case, the defendants are in no position to ask for relief under that section. Upon such a motion before the Special Term, only such papers can be used as were used before the clerk. Lyman v. Young Men's Christian Ass'n, 56 N. Y. Supp. 712, 38 App. Div. 220; Crotty v. De Dion M. Co., 102 App. Div. 405, 92 N. Y. Supp. 619; Thomas v. International Silver Co. (Sup.) 84 N. Y. Supp. 612. The appeal to the court is intended to review the errors actually committed by the clerk, on the proof before him, at the time of the retaxation, and he cannot be put in error by proofs furnished to the court afterwards.

Lotti v. Krakeuer, 1 Civ. Proc. R. 312; People v. Oakes, 1 How Prac. 195.

The defendants' attorney seems to appreciate this situation, as he urges in his brief that, as the whole bill of costs was unauthorized, it was not necessary for respondents to submit affidavits upon the retaxation. That might be true, had the whole bill of cost been illegal; but such was not the case, and it therefore became essential for the defendants to appear upon the retaxation and specifically object to any item of the costs which they deemed improper or illegal, and by failing to do so the Special Term had no power under section 3265 to consider items not pointed out before the clerk as objectionable. Nor will this court interfere in such a case, except to reverse the order of the lower court, where that court has considered items which were not objected to before the clerk.

Another cogent reason why the plaintiffs are entitled to full costs in the lower court is found in the provisions of section 3234 of the Code of Civil Procedure. That section provides, among other things, that in an action specified in section 3228, where the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers on one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue, in which case the plaintiff only is entitled to costs. The only exception made is in a case specified in subdivision 4 of section 3228, which subdivision provides that, unless a party recovers over $50, no costs shall be granted. The case at bar falls within the provisions of section 3234. Two causes of action are set forth separately. The plaintiffs recovered upon but one, and the issue upon the other was determined in defendants' favor. The plaintiffs were therefore entitled to recover all the costs in the action.

Each order of the City Court must be reversed, with $10 costs and disbursements; the motion made by the plaintiffs for a review of the taxation of costs, or for a new taxation restoring the amount stricken from the bill of costs by the clerk, must be granted, with $10 costs, and the judgment reinstated; and the motion of the defendant for a review of the taxation and a retaxation denied, with $10 costs. All concur.