(54 Misc. 588)

FOURTEENTH STREET BANK IN CITY OF NEW YORK v. STRAUSS et al.

(Supreme Court, Appellate Term.   June 10, 1907.)

1. APPEAL—JUDGMENT APPEALABLE—DEFAULT.

   Under the express provisions of Code Civ. Proc. § 1294, no appeal will lie from a default judgment.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 885–891.]

2. JUDGMENT—DEFAULT—VALIDITY—MOTION TO OPEN.

   If a judgment by default is illegal, defendant's remedy is by motion to open the default; and, if the judgment is erroneously entered, the proper motion is to vacate it.

**3. SAME—NOTICE OF ENTRY—FORM AND REQUISITES.**

Notice of entry of an interlocutory judgment in the New York City Court recited that notice of which the within was a copy was entered in the office of the clerk of "this court" in New York county on March 13, and was amended on March 16, 1906. The notice was dated at New York, March 16, 1907, signed by plaintiff's attorney, and directed to the attorney for defendants. The notice of entry was printed on the cover, in which legal cap sheets on which a copy of the interlocutory judgment was typewritten were inclosed in the customary method, and on the cover appeared the name of the court, the title of the action, the designation of the papers, and the name and address of plaintiff's attorney. *Held*, that an objection to such notice, for the reason that the cover, when folded, "concealed" the notice of entry of judgment, was frivolous.

**4. SAME.**

Such notice sufficiently showed that the interlocutory judgment was filed in the office of the clerk of the City Court of the city of New York.

**5. APPEAL—REVIEW—COSTS—TAXATION.**

Code Civ Proc. § 3265, provides that a taxation or retaxation of costs may be reviewed by the court on a motion for a new taxation, and that the order made on such motion may allow or disallow any item objected to before the taxing officer *Held* that, where defendant on a motion to retax costs only objects to a single item, he may only object to the allowance of such item on appeal.

Appeal from City Court of New York, Special Term.

Action by the Fourteenth Street Bank in the City of New York against A. I. Strauss and others. From a final judgment of the City Court, entered on an interlocutory judgment pursuant to an order sustaining a demurrer to defendants' answer, and from an order denying defendants' motion to vacate such final judgment, and from an order granting a retaxation of costs, defendants Wolff appeal. Appeals from final judgment and from order retaxing costs dismissed. Order denying motion to vacate final judgment affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Jacob Levy, for appellants.
Philip J. Britt, for respondent.

FITZGERALD, J. The plaintiff sued on a promissory note for $226.25. All of the defendants were served, except Strauss. The defendants Wolff answered jointly, and the defendant Meyers separately. The plaintiff demurred to the answer of the defendants Wolff, which demurrer was sustained, with leave to the defendants to plead over within six days after notice of entry of the interlocutory judgment upon payment of the taxable costs. Costs were taxed by the plaintiff, and a copy of the order, with notice of entry, was served, and an interlocutory judgment entered. At the time this judgment was entered the clerk refused to allow the item of $15 costs after notice and before trial to the plaintiff, and a trial fee of $20 only was allowed, which amount was inserted in the interlocutory judgment. The plaintiff then obtained an order to show cause why the costs should not be retaxed and said item of $15 allowed. Upon the hearing of this motion the same was granted, and the interlocutory judgment was directed to be amended by inserting that item. The judgment was therefore amended, and a copy thereof, with notice of entry, served

on the defendants. This service was made on March 18, 1907. The defendants not paying the costs nor answering, and no extension of time in which to do so having been granted, the plaintiff entered a final judgment against the defendants Wolff, taxing their costs at $35. Subsequently the defendants Wolff moved to vacate this judgment, setting forth in their moving papers that the notices of entry of the order sustaining the demurrer and of the interlocutory judgment were insufficient and improper and incorrect, and did not limit their time in which to plead and pay the costs imposed. This motion was denied, and the defendants appeal, first, from the final judgment; second, from the order denying their motion to vacate the judgment; and, third, from the order retaxing the plaintiff's costs, and allowing the item of $15 costs after notice and before trial.

The appeal from the judgment must be dismissed. Whether or not the judgment is a valid one is immaterial. It was entered upon the default of the defendants, and no appeal will lie from such a judgment. Code Civ. Proc. § 1294. If the judgment is an illegal one, the defendants' remedy is by motion to open their default. If the judgment is erroneously entered, the motion is to vacate it. The appeal from the judgment must therefore be dismissed.

This brings us to the consideration of the merits of the motion made to vacate the judgment, and the question to be determined is: Was the notice of entry served with the interlocutory judgment sustaining the demurrer legally sufficient to set the time running within which the defendants Wolff were required to pay the costs and amend their answer. The criticism made by the defendants as to the sufficiency of the notice of entry is that it was "concealed" when the cover thereto was folded, that the title of the court and of the action were omitted, and that the notice of entry recited that "an order was this day entered in the office of this court," and therefore fails to specify with sufficient certainty in what clerk's office such judgment was entered. The following statement from the respondent's brief correctly sets forth the condition of the notice when served:

"Sir: Take notice that a judgment, of which the within is a copy, was entered in the office of the clerk of this court, in New York county, on March 13th, and amended on March 16th, 1906.

"Dated New York, March 16th, 1907.

"Yours, &c.,          Philip J. Britt, Attorney for Plaintiff,
"27 William St. N. Y. City.

"To Jacob Levy, Attorney for Defendants Edmund Wolff and Jules Wolff."

This notice of entry was printed upon the cover, in which the sheets of legal cap upon which the interlocutory judgment was typewritten were inclosed, making the cover and sheets of legal cap all one paper, as is the customary method and form in which legal papers are drawn. On this cover, on which the notice of entry was printed, the name of the court, to wit, City Court of the city of New York, the title of the action, the designation of the papers, and the plaintiff's attorney's name and address were clearly and distinctly set out. This was on the same paper cover on which the notice of entry was printed. The contention of the appellants, that the cover, when folded, "concealed" the notice of entry, is frivolous. Attorneys who are alive to the in-

terests of their clients usually unfold legal papers served upon them, and it never has been considered necessary either to serve them unfolded or to open them in the presence of the adverse attorney. The title of the court and the title of the action both plainly and fully appeared upon the papers served. It is true that the notice did not recite that the judgment was entered in the office of the clerk of the City Court; but reference to the City Court appeared on the cover, and the notice states that the judgment was entered "in New York county." As there is but one City Court in New York county, it is difficult to see how the defendants' counsel has been misled, or that the notice is insufficient. Baker v. Hatfield, 3 Civ. Proc. R. 303; Harnett v. Wescott, 14 Civ. Proc. R. 360. The circumstances are materially different from those in the case of Tudor v. Ebner, 109 App. Div. 521, 96 N. Y. Supp. 392, and we are led to the conclusion that the notice of entry of the judgment was sufficient to limit the defendants' time in which to comply with the terms of the judgment, and that upon their failure to do so the final judgment was properly entered. The order denying the motion to vacate the final judgment must therefore be affirmed.

The order granting a retaxation of costs need not be reviewed upon this appeal, for the reason that, inasmuch as the final judgment was entered upon the default of the defendant and no appeal can be taken therefrom, if this court should reverse the order of retaxation, the judgment, not being before the court, could not be corrected, and the defendants would still be compelled to modify the judgment. Upon the motion for the retaxation of costs in the court below, the defendants only objected to the item of $15. Upon a review of such taxation only the items objected to before the taxing officer can be called in question. Section 3265, Code Civ. Proc.; La Rosa v. Wilner (decided at the present term of this court) 104 N. Y. Supp. 952. If, however, as claimed by the defendants, the entire bill of costs is illegal, a motion to correct and modify the judgment by striking out all the costs would be proper.

Appeals from the final judgment and from the order retaxing costs dismissed. Order denying motion to vacate final judgment affirmed, with costs and disbursements. All concur.